PD-0790-15
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 6/25/2015 1:55:10 PM
Accepted 6/29/2015 2:02:18 PM
ABEL ACOSTA
CLERK

NO. _____

Second Court of Appeals No. 02-12-00643-CR

TO THE
COURT OF CRIMINAL APPEALS
OF TEXAS

DONOVAN DARREN LEVOY MEADOWS
Petitioner,

V.

THE STATE OF TEXAS,
Appellee.

PETITION FOR DISCRETIONARY REVIEW

Paul Francis
State Bar No. 07359600
P.O. Box 13369
1178 West Pioneer Parkway
Arlington TX 76013-6367
(817) 543-2600 Telephone
(817) 460-2236 Facsimile
pfrancis@birch.net

ATTORNEY FOR PETITIONER
DONOVAN DARREN LEVOY
MEADOWS

FILED IN
COURT OF CRIMINAL APPEALS

June 29, 2015

ABEL ACOSTA, CLERK

## IDENTITY OF TRIAL JUDGE, PARTIES TO JUDGMENT OR ORDER, AND COUNSEL

TRIAL JUDGE:                                       The Honorable Mark T. Price[1], Judge Of The 89th District Court Of Wichita County, Texas

APPELLANT:                                       Donovan Darren Levoy Meadows

**COURT APPOINTED COUNSEL ON APPEAL:**      Paul Francis
1178 W. Pioneer Parkway
Arlington TX 76013

COUNSEL AT TRIAL:                       S. Price Smith
705 Eighth St., Ste 600
Wichita Falls TX 76301

APPELLEE:                                          The State of Texas

COUNSEL ON APPEAL:                 Carey Jensen
Assistant District Attorney
Wichita County District Attorney's Office
900 7th St., Rm 351
Wichita Falls TX 76301

COUNSEL AT TRIAL:                       Matt Fass, Assistant District Attorney
Starla Jones, Assistant District Attorney
Wichita County District Attorney's Office
900 7th St., Rm 351
Wichita Falls TX 76301

---

1 Since deceased

ii

# TABLE OF CONTENTS

IDENTITY OF TRIAL JUDGE, PARTIES TO JUDGMENT
OR ORDER, AND COUNSEL……………………………………………………ii

TABLE OF CONTENTS ..........................................................................iii

INDEX OF AUTHORITIES ..................................................................... iv

STATEMENT REGARDING ORAL ARGUMENT ................................... 1

STATEMENT OF THE CASE..................................................................2

STATEMENT OF PROCEDURAL HISTORY ...........................................3

GROUNDS FOR REVIEW (ISSUES) ..........................................................3

ARGUMENT ......................................................................................... 5

1.  The Court of Appeals ignored the Trial Judge's Finding and Substituted
its Own……………………………………………………………………….5

2.  The Court of Appeals ignored the plain text of Rule 609(b) that there
must be specific facts and circumstances to justify the admission of the
remote convictions under the "substantially outweighs" test, and case law
which places the burden on the proponent of such evidence  to bring them
forth....................................................................................................... 9

PRAYER FOR RELIEF  ........................................................................ 14

CERTIFICATE OF COMPLIANCE (word count) .................................... 15

CERTIFICATE  OF SERVICE……………………………………………16

APPENDIX ......................................................................................... 17

# INDEX OF AUTHORITIES

**Cases**

*Allen v. State,* 108 S.W.3d 281 (Tex. Crim. App. 2003) ........................................4, 7

*Berry v. State,* 179 S.W.3d 175 (Tex.App.-Texarkana 2005, no pet.) ......................7

*Bryant v. State*, 997 S.W.2d 673 (Tex. App.—Texarkana 1999, no pet.)................8

*De La Paz v. State*, 279 S.W.3d 336 (Tex. Crim. App. 2009)..................................8

*Garcia v. State*, 201 S.W.3d 695 (Tex. Crim. App. 2006) ........................................7

*Greer v. State*, 436 S.W.3d 1 (Tex. App.—Waco 2014, no pet.)............................7

*Kizart v. State*, 811 S.W.2d 137 (Tex. App.—Dallas 1991, no pet.) ..............10

*Leyba v. State,* 416 S.W.3d 563 (Tex.App.-Houston [14th] Dist.2013, pet. ref'd) ........................................................................................................ 5, 10, 11

*Meadows v. State*, 455 S.W.3d 166 (Tex. Crim. App. 2015) ........................ 2, 5, 11

*Stern v. State,* 922 S.W.2d 282 (Tex.App.-Fort Worth 1996, pet. ref'd)...................8

*Theus v. State*, 845 S.W.2d 874  (Tex. Crim. App. 1992)......................... 4, 5, 7, 10

*United States v. Acosta*, 763 F.2d 671 (5th Cir. 1985) .............................................14

*Washington v. State*, 14-13-00818-CR, 2015 WL 2250628, at *2 (Tex. App.—Houston [14th Dist.] May 12, 2015, no. pet. h.) (Not designated for publication) .11

**Rules**

Tex.R.App.P. 66.3 .......................................................................................................4, 5

Tex.R.Evid. 609(a)........................................................................................................10

Tex.R.Evid. 609(b) ................................................................................................ passim

NO. _____

TO THE
COURT OF CRIMINAL APPEALS
OF TEXAS

DONOVAN DARREN LEVOY MEADOWS
Petitioner

V.

THE STATE OF TEXAS
Appellee

PETITION FOR DISCRETIONARY REVIEW

To the Honorable Court of Criminal Appeals of Texas:

Petitioner, DONOVAN DARREN LEVOY MEADOWS, submits this petition for discretionary review and requests that the Court consider the following issues:

I.

STATEMENT REGARDING ORAL ARGUMENT

Petitioner waives oral argument unless the state is granted oral argument.

## II.

## STATEMENT OF THE CASE

Petitioner was convicted of aggravated robbery (two counts) and sentenced to 75 years in prison. (CR 207, 209, 216-218) During the trial he testified in his defense on guilt-innocence, and the state sought to impeach him with convictions over 10 years old. The trial court, over objection of the defendant, allowed such impeachment because there had been intervening convictions that, under the common law doctrine known as "tacking" allowed the impeachment to go forward once the trial judge determined that the probative value "outweighed" the prejudicial effect. (5 RR 79) On appeal the petitioner attacked this as an abuse of discretion based on error in doing so but the Fort Worth Court of Appeals held that under the tacking doctrine it was allowable. The Court of Criminal Appeals reversed the Fort Worth Court of Appeals in Cause No. PD-0175-14[2] and issued a unanimous opinion that the tacking doctrine was no longer viable and remanded the case to the Fort Worth Court of Appeals. The Fort Worth Court of Appeals in an opinion

---

[2] *Meadows v. State*, 455 S.W.3d 166 (Tex. Crim. App. 2015)

dated April 30, 2015 affirmed the conviction. Appellant filed a motion for rehearing on May 12, 2015 which was overruled by the Court of Appeals on May 28, 2015.

## III.

## STATEMENT OF PROCEDURAL HISTORY

The judgment (and opinion) of the Fort Worth Court of Appeals affirming the trial court was issued April 30, 2015. **A copy of same is attached as an Appendix to this petition.**

## IV.

## GROUNDS FOR REVIEW

1. **The Court of Appeals ignored the Trial Judge's Finding and Substituted its Own.**

The Court of Appeals ignored the finding of the trial court that the proof of probative value of the remote convictions only "outweighed" not "substantially outweighed" the prejudice of those remote convictions and substituted its own findings. This violated the standard of review which prohibits an appellate court from substituting its opinion for that of the trial court that is within the zone of reasonable disagreement. This conflicts with

*Theus v. State*, 845 S.W.2d 874, 879-81 (Tex. Crim. App. 1992) and *Allen v. State,* 108 S.W.3d 281, 284-85 (Tex. Crim. App. 2003).   The standard of review is of long-standing and is accepted practice in the courts of Texas, and the Court of Criminal Appeals should not allow it to be ignored.  See Tex.R.App.P. 66.3(a), (c) and (f).

**2.     The Court of Appeals ignored the plain text of Tex.R.Evid. 609(b) that there must be specific facts and circumstances to justify the admission of the remote convictions under the "substantially outweighs" test, and case law which places the burden on the proponent of such evidence  to bring them forth.**

The appellate court, in reviewing the admission of the remote convictions ignored the plain text of Tex.R.Evid. 609(b) that there must be specific facts and circumstances to justify the admission of the remote convictions under the "substantially outweighs" test, and case law which places the burden on the proponent of such evidence (the State in this case) to bring them forth, thereby using an improper standard of review.  This failure to properly apply the plain text requirements of the rule in analyzing the action of the trial court is in conflict with *Theus v. State*, 845 S.W.2d 874,

879-81 (Tex. Crim. App. 1992), *Leyba v. State,* 416 S.W.3d 563 (Tex.App.-Houston [14th] Dist.2013, pet. ref'd) and *Meadows v. State,* 455 S.W.3d 166, 171 (Tex. Crim. App. 2015).   Following this court's holding in *Meadows* that the plain text of Tex.R.Evid. 609(b) be followed it would harm the state's jurisprudence to allow the court of appeals, on remand, in the same case, to misapply the plain text of the rule without correction.  See Tex.R.App.P. 66.3(a), (c) and (f).

## V.

## ARGUMENT

**What the Court of Appeals Did On Remand**

On April 30, 2015 the Court of Appeals affirmed the conviction of Appellant on two counts of aggravated robbery.

**The First Issue**

**The Court of Appeals ignored the Trial Judge's Finding and Substituted its Own.**

In addressing the argument of Appellant that the trial court erred (abused its discretion) in admitting the remote convictions the court of

appeals substituted its findings for that of the trial court, which was an incorrect application of the standard of review.

Tex.R.Evid. 609 (b) provides that remote convictions are not admissible "unless the court determines, in the interests of justice, that the probative value of the conviction supported by specific facts and circumstances substantially outweighs its prejudicial effect."

In considering the admissibility of the remote convictions the trial judge made the following finding:

The trial judge acknowledged the standard was "substantially outweighs", (5 RR 73-74) yet did not find that the probative value substantially outweighed prejudice, merely that it "outweighs" the prejudice. (5 RR 79)

On the face of the record the trial court did not find that the proof rose to the level of "substantially outweighs" because it did not make a finding to that effect. Instead the judge found "outweighed," and on the state's argument that the tacking doctrine should be applied found the convictions admissible. The court of appeals, in its opinion on page 4, even acknowledges the trial judge's finding. It then goes on to state "We cannot say, on the record before us, that the trial court could not have found that the probative value of the prior felony convictions

substantially outweighed their prejudicial effect…" at page 6, despite that fact that the trial court made a different finding.

An appellate court is not free to reverse a lower court's determination simply because it disagrees with that decision. *Garcia v. State*, 201 S.W.3d 695, 704-05 (Tex. Crim. App. 2006) [Determination of admissibility of evidence may be reversed only if it was outside the zone of reasonable disagreement.] A court of appeals which does otherwise has misapplied the standard of review. Id.

The balancing of probative value against prejudice is a determination in which the trial court has broad discretion and should not be lightly disturbed. This standard of appellate review is applicable to determinations under Tex.R.Evid. 609. See *Theus v. State*, 845 S.W.2d 874, 879-81 (Tex. Crim. App. 1992) ["In reviewing the trial court's conduct in weighing these factors and decision in admitting into evidence a prior conviction, we must accord the trial court "wide discretion."]; *Berry v. State,* 179 S.W.3d 175, 180 (Tex.App.-Texarkana 2005, no pet.).[3] It must be presumed that the trial court properly weighed the factors when it determined that the probative value only "outweighed" rather than "substantially

[3] The same deference is used in reviewing the prejudice v. probative balancing under Tex.R.Evid. 403. See *Allen v. State*, 108 S.W.3d 281, 284-85 (Tex. Crim. App. 2003); *Greer v. State*, 436 S.W.3d 1, 9 (Tex. App.—Waco 2014, no pet.)

outweighed" the prejudice. See *Stern v. State,* 922 S.W.2d 282, 287 (Tex.App.-Fort Worth 1996, pet. ref'd); *Bryant v. State*, 997 S.W.2d 673, 676 (Tex. App.—Texarkana 1999, no pet.)

The trial court already made its finding. The court of appeals did not follow the proper standard of review when it chose to ignore the trial court's finding and speculate about what the trial court "could" have found.

The trial court's decision to admit the evidence based on the doctrine of Tacking, which is not longer viable, does not change the efficacy or conclusiveness of the determination the trial court made regarding the balancing of probative vs. prejudice.

If the trial court's evidentiary ruling is correct on any theory of law applicable to that ruling, it will not be disturbed even if the trial judge gave the wrong reason for his right ruling. *De La Paz v. State*, 279 S.W.3d 336, 344 (Tex. Crim. App. 2009) However, in this case, when the tacking doctrine is ignored, there is no correct theory of law that would allow the admission of the remote convictions, given the trial court's "prejudice v. probative" balancing determination expressly set out in the record. The court of appeals does not rely on the *De La Paz* rule in any event. It merely sat at the trial judge's bench and made

its own evaluation of the balancing between probative and prejudice.

There is room for only one judge on a trial bench, and appellate courts cannot take over that job.

This was an improper application of the standard of review and the Court of Appeals' judgment and opinion should be set aside as the court of appeals failed to follow the law.

## The Second Issue

**The Appellate Court, in reviewing the admission of the remote convictions ignored the plain text of Tex.R.Evid. 609(b) that there must be specific facts and circumstances to justify the admission of the remote convictions under the "substantially outweighs" test, and case law which places the burden on the proponent of such evidence (the State in this case) to bring them forth, thereby using an improper standard of review.**

Even if the court of appeals' error addressed above is ignored, the court of appeals failed properly to analyze the required showing under Tex.R.Evid. 609(b).

Any proponent seeking to introduce evidence pursuant to Tex.R.Evid. 609 has the burden of demonstrating that the probative value of a conviction outweighs

its prejudicial effect. *Theus v. State*, 845 S.W.2d 874, 880 (Tex. Crim. App. 1992) (Applying Tex.R.Evid. 609(a)) Under Tex.R.Evid. 609(b), the proponent also carries the burden of proof. See *Leyba v. State*, 416 S.W.3d 563, 572 (Tex. App.—Houston [14th Dist.] 2013), *petition for discretionary review refused* (May 7, 2014) Also see *Kizart v. State*, 811 S.W.2d 137, 141 (Tex. App.—Dallas 1991, no pet.)

Specific facts and circumstances are required by the plain text of the rule. The burden of producing those for the trial court's consideration was on the state.

The court of appeals in the present case stated that "We cannot say, on the record before us, that the trial court could not have found that the probative value of the prior felony convictions substantially outweighed their prejudicial effect or that it abused its discretion by admitting them…"[4] The Court of Appeals speculated that the trial court could have made a ruling that would have required evidence the state failed to provide, thereby abusing its discretion. This ignores the manner in which 609(b) is to be applied, as set out in *Leyba v. State, 416 S.W.3d 563 (Tex.App.-Houston*

---

4 Page 6 of its opinion.

*[14th] Dist.2013, pet. ref'd)* In *Leyba* the court acknowledged that the prosecution in that case did not offer any "specific facts and circumstances" beyond the date and the type of crime to justify the admission of Leyba's prior convictions. *Leyba v. State*, 416 S.W.3d at 571. Further at 572:

> After considering all five factors together, <u>we are not convinced that the prosecutor satisfied her difficult burden</u> under Rule 609(b). As we mentioned before, the prosecutor only established the date and type of the conviction. <u>The prosecutor did not explain how the prior conviction had any probative value, or that this probative value was supported by specific facts and circumstances</u>. Considering that Leyba did not deny using a weapon in the instant case, the probative value of this prior conviction appears to have been minimal. Because there is no indication that this value substantially outweighed its prejudicial effect, we hold that the trial court abused its discretion by allowing this evidence to be admitted. [Emphasis added]

The burden was on the prosecutor to adduce specific facts and circumstances beyond the date and type of crime to justify the admission. Also see *Washington v. State*, 14-13-00818-CR, 2015 WL 2250628, at *2 (Tex. App.—Houston [14th Dist.] May 12, 2015, no. pet. h.) (Not designated for publication)[5] The requirement of specific facts and circumstances is in the text of the rule itself. In the absence of

---

5 "We clarified that if the State intends to impeach a witness with evidence of a conviction that is at least ten years old, then <u>the State must show that the probative value of that evidence "substantially outweighs" its prejudicial effect</u>. *Id.* In *Meadows v. State,* the Court of Criminal Appeals embraced this analysis and held that Tex.R.Evid. 609(b) provides the exclusive standard for admitting evidence of a remote conviction. *See* 455 S.W.3d 166, 171 (Tex.Crim.App.2015)." (Emphasis added)

the state providing such evidence the trial court abuses its discretion in admitting the remote convictions.

In the present case the judge recited the language of Tex.R.Evid. 609(b) which required specific facts and circumstances, and invited the state to make its argument, stating at 5 RR 73-74:

> THE COURT: Well, the rest of the test -- beyond the 10 years, though, is unless the Court determines in the interest of justice that the probative value of the convictions supported by specific facts and circumstance substantially outweighs the prejudicial effect.
>
> MR. SMITH: Yes, sir.
>
> THE COURT: So I'll hear evidence to that regard -- I'll hear argument to that regard

In the present case the prosecutor's arguments regarding the remote convictions are set out at 5 RR 72-79. The state set out dates and types of convictions regarding the felonies at issue here. Mention was made of the convictions being crimes of deception but no other specific fact or circumstance was offered by the state to support admission. The remainder of the argument was in support of the tacking doctrine.

The court of appeals treated the paucity of the record as being neutral and

engaged in a purported consideration of the *Theus* factors based on a record devoid of specific facts and circumstances.  In fact the lack of specific facts and circumstances is proof of the failure of the state to discharge its burden of adducing evidence necessary to justify admission of the remote convictions.

By failing to require compliance with the plain text of the rule, the court of appeals failed to correctly apply Tex.R.Evid. 609(b).

The requirement for admissibility under the "substantially outweighed" standard is not easy or routine.  It is a difficult burden.  *Leyba v. State*, 416 S.W.3d at 572.  In federal cases[6] applying the same standard the courts have recognized the heavy burden this places on the proponent of the admissibility.   The probative value of a conviction more than 10 years old is by definition outweighed by its prejudicial effect, and the general rule is inadmissibility. *United States v. Hamilton,* 48 F.3d 149, 154 (5th Cir.1995). Substantially outweighs is found very rarely and only in exceptional circumstances. *United States v. Cathey*, 591 F.2d 268, 275 (5th Cir. 1979)    The mere fact that the defendant's credibility is in issue—a circumstance that occurs whenever the defendant takes the stand—cannot,

---

6 Federal court interpretations of federal rule 609 is of guidance in the interpretation of the Texas rule. *Montgomery v. State,* 810 S.W.2d 372, 387 n. 2 (Tex.Cr.App.1990)  By adopting the language of a federal rule it was intended to adopt the federal interpretation of the rule as well. *Ramirez v. State*, 802 S.W.2d 674, 676-77 (Tex. Crim. App. 1990)

by itself, justify admission of evidence of convictions over ten years old.

*United States v. Acosta*, 763 F.2d 671, 695 (5th Cir. 1985)

The Court of Appeals failed by require compliance with the plain text of Tex.R.Evid. 609(b) and its opinion and judgment should be set aside.

## VI.

## PRAYER FOR RELIEF

Based on the above and foregoing, the Petitioner respectfully requests that the Court of Criminal Appeals, grant the Petition for Discretionary Review, and upon consideration of the case to vacate the court of appeals' judgment and determine that the trial court abused its discretion in admitting the remote convictions, that same was harmful and reverse the conviction and remand the case to the trial court. In the alternative, Petitioner requests the Court of Criminal Appeals to vacate the court of appeals' judgment, and remand the case to the court of appeals with instructions consistent with its disposition.

Respectfully submitted,

Law Office of Paul Francis
P.O. Box 13369
1178 W. Pioneer Parkway
Arlington TX 76013-6367
(817) 543-2600 Telephone
(817) 460-2236 Facsimile

By: /s/ Paul Francis
    Paul Francis
    State Bar No. 07359600

ATTORNEY FOR PETITIONER
DONOVAN DARREN LEVOY
MEADOWS

## CERTIFICATE OF COMPLIANCE

The undersigned counsel certifies that the number of words in this document, as computed in accordance with Tex.R.App.P. 9.4(i) using the Word Count function of Microsoft Word is 2,378.

/s/ Paul Francis
                    Paul Francis

## CERTIFICATE OF SERVICE

A true and correct copy of the above and foregoing was served upon the following persons in accordance with Texas Rule of Appellate Procedure 9.5, on this June 25, 2015.

Carey Jensen
Assistant District Attorney
900  7th St., Rm 351
Wichita Falls TX 76301

Lisa C. McMinn
State Prosecuting Attorney
PO Box 13046
Capitol Station
Austin, TX 78711

/s/ Paul Francis
Paul Francis

# APPENDIX



# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

### NO. 02-12-00643-CR

| | | |
|---|---|---|
| Donovan Darren Levoy Meadows | § | From the 89th District Court |
| | § | of Wichita County (51,786-C) |
| v. | § | April 30, 2015 |
| | § | Opinion by Justice Sudderth |
| The State of Texas | § | (nfp) |

## JUDGMENT ON REMAND

This appeal is on remand from the Court of Criminal Appeals. This court has again considered the record on appeal in this case and holds that there was no error in the trial court's judgment. It is ordered that the judgment of the trial court is affirmed.

SECOND DISTRICT COURT OF APPEALS

By  /s/ Bonnie Sudderth_____
       Justice Bonnie Sudderth



# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-12-00643-CR

DONOVAN DARREN
LEVOY MEADOWS

APPELLANT

V.

THE STATE OF TEXAS

STATE

------------

FROM THE 89TH DISTRICT COURT OF WICHITA COUNTY

------------

## MEMORANDUM OPINION[1] ON REMAND

------------

### I. Introduction

A jury concluded that appellant Donovan Darren Levoy Meadows robbed two Buffalo Wild Wings employees at gunpoint after hearing witness testimony that he threatened to blow their heads off if they pushed the panic button, failed to comply with his instructions to open the restaurant's safe, or made any movements after he left them in the restaurant's walk-in freezer. *See Meadows*

---

[1]*See* Tex. R. App. P. 47.4.

*v. State*, No. 02-12-00643-CR, 2014 WL 84207, at *3–4 (Tex. App.—Fort Worth Jan. 9, 2014) (mem. op., not designated for publication), *rev'd*, No. PD-0175-14, 2015 WL 778556 (Tex. Crim. App. Feb. 25, 2015).[2] The jury convicted Meadows of two counts of aggravated robbery and assessed his punishment at seventy-five years' confinement on each count. *Id.* at *1.

In a single point in his direct appeal to this court, Meadows argued that the trial court had abused its discretion by allowing the State to cross-examine him during the guilt-innocence phase of trial with evidence of three felony theft convictions that were more than ten years old and a 2009 misdemeanor assault conviction that was not a crime involving moral turpitude. *See id.* Regarding the three felony convictions, Meadows asked us to revisit our application of the tacking doctrine in *Jackson v. State*, 50 S.W.3d 579, 591 (Tex. App.—Fort Worth 2001, pet. ref'd). *Id.* at *1–2. We declined the invitation to do so, overruled the portion of Meadows's sole point that pertained to the three felony convictions on that basis, overruled the portion of his sole point that pertained to his 2009 misdemeanor conviction on a different basis, and affirmed the trial court's judgment. *See id.* at *1, *3–6.

---

[2]The restaurant's surveillance video corroborated the testimony of the State's witnesses; it showed the robber removing his mask after he left the building but before he was out of surveillance range. 2014 WL 84207, at *4. After several of Meadows's acquaintances identified him as the culprit, Meadows admitted that he had been the masked man but claimed that what appeared to be a gun was actually a water nozzle spray gun, denied threatening anyone, and contended that he had committed a theft, not a robbery. *Id.* at *4 & n.7, *5.

2

On February 25, 2015, the court of criminal appeals held that the unambiguous plain language of rule 609 supplants the common-law tacking doctrine that we relied upon in overruling the portion of Meadows's sole point that pertained to his prior felony convictions. *Meadows*, 2015 WL 778556, at *2, *4. The court of criminal appeals reversed our judgment and remanded the case to us, instructing us to reconsider our ruling on those convictions under the more restrictive standard of rule 609(b). *Id.* As set out below, we have done so and once more affirm the trial court's judgment.[3]

## II. Discussion

The trial occurred from November 26 to November 29, 2012. Before cross-examining Meadows and outside of the jury's presence, the State announced its intent to question Meadows about his convictions for, among other things, theft by receiving and grand larceny in the early 1990s[4] and his 1996

---

[3]We will not revisit the portion of Meadows's sole point in which he argued that his 2009 misdemeanor assault-family violence conviction should not have been admitted under the false-impression exception. With regard to that conviction, in our original opinion, we assumed without deciding that the trial court had erred by admitting the misdemeanor conviction but found that any such error had no substantial or injurious effect or influence in determining the jury's verdict after performing the appropriate harm analysis. *Meadows*, 2014 WL 84207, at *3–6 (reviewing the record as a whole, including testimony and physical evidence, the nature of that evidence, and the character of the alleged error, along with jury instructions, the State's theory and any defensive theories, closing arguments, and voir dire to conclude that the error, if any, was harmless). The court of criminal appeals did not remand the case to us to reconsider this analysis. *Cf. Meadows*, 2015 WL 778556, at *4.

[4]In 1990, Meadows was convicted of theft by receiving. He received probation for his grand larceny conviction, but his probation was revoked in 1991.

3

conviction for theft of property $20,000 to $100,000. *Meadows*, 2014 WL 84207, at *1. The trial court acknowledged that the convictions were beyond ten years old but found "that in the interest of justice, the probative value of the conviction[s] and supported by the specific facts and circumstances outweighs the prejudicial effect." *Id.*

## A. Standard of Review

We review a trial court's admission of evidence for an abuse of discretion, and wide discretion is afforded to the trial court. *Theus v. State*, 845 S.W.2d 874, 881 (Tex. Crim. App. 1992). Only if the trial court's decision falls outside the "zone of reasonable disagreement" has it abused its discretion. *Id.*; *Miller v. State*, 196 S.W.3d 256, 267 (Tex. App.—Fort Worth 2006, pet. ref'd).

## B. Remote Convictions

In his original appeal, Meadows argued that the admission of his three prior felony theft convictions allowed his impeachment "merely for being a criminal generally" and that the trial court abused its discretion by admitting them because it improperly applied the balancing test under rule 609(b) by failing to find that the probative value of the convictions "substantially" outweighed their prejudicial effect.

The pertinent portions of rule of evidence 609, which provides for impeachment by evidence of conviction of a crime, are as follows:

> (a) In General. Evidence of a criminal conviction offered to attack a witness's character for truthfulness must be admitted if:

4

(1) The crime was a felony or involved moral turpitude, regardless of punishment;

(2) The probative value of the evidence outweighs its prejudicial effect to a party; and

(3) It is elicited from the witness or established by public record.

(b) Limit on Using the Evidence After 10 Years. This subdivision (b) applies if more than 10 years have passed since the witness's conviction or release from confinement for it, whichever is later. Evidence of the conviction is admissible only if its probative value, supported by specific facts and circumstances, substantially outweighs its prejudicial effect.

Tex. R. Evid. 609(a)–(b).

A nonexclusive list of factors to consider in weighing the probative value of a conviction against its prejudicial effect includes (1) the past crime's impeachment value, (2) the past crime's temporal proximity relative to the charged offense and the witness's subsequent history, (3) the similarity between the past crime and the offense being prosecuted, (4) the importance of the defendant's testimony, and (5) the importance of the credibility issue. *Theus*, 845 S.W.2d at 880. The impeachment value of crimes that involve deception is higher than those involving violence, while those involving violence have a higher prejudicial potential. *Id.* at 881. Temporal proximity favors admission if the past crime is recent and the witness has demonstrated a propensity for running afoul of the law, while if the past crime and charged crime are similar, this weighs against admission because similarity suggests the possibility that the jury could convict on the perception of a pattern of past conduct rather than on the facts of the charged offense. *Id.* When the case involves the testimony of only the

5

defendant and the State's witnesses, the importance of the defendant's credibility and testimony escalates and weighs in favor of admission. *Id.*

Theft is a crime of deception. *See Huerta v. State*, 359 S.W.3d 887, 892 (Tex. App.—Houston [14th Dist.] 2012, no pet.) ("Theft is a crime of moral turpitude involving elements of deception."). Therefore, Meadows's three felony theft convictions had a high impeachment value. *See id.* However, the three theft convictions were also remote and were similar to the charged offense in that they involved taking property that did not belong to him, weighing against their probative value, even though none of the prior thefts involved violence. *Theus*, 845 S.W.2d at 880. As the only defense witness who testified, Meadows's credibility was paramount, supporting the admission of the prior theft convictions. *See id.* at 881. We cannot say, on the record before us,[5] that the trial court could not have found that the probative value of the prior felony convictions substantially outweighed their prejudicial effect or that it abused its discretion by admitting them, particularly when Meadows stated during his direct testimony that he had intended to steal money from the restaurant but that his objective had been to commit theft, not robbery, presenting the jury with a credibility issue to resolve. Because we conclude that the trial court did not abuse its discretion by admitting the three felony theft convictions, we overrule this remanded portion of Meadows's sole point.

---

[5]*See generally Meadows*, 2014 WL 84207, at *3–5 (setting out a summary of all of the testimony presented at trial).

## III. Conclusion

Having overruled Meadows's sole point on remand, we affirm the trial court's judgment.

/s/ Bonnie Sudderth
BONNIE SUDDERTH
JUSTICE

PANEL:  GARDNER, WALKER, and SUDDERTH, JJ.[6]

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  April 30, 2015

---

[6]Justice Bob McCoy retired from the Second Court of Appeals before the court of criminal appeals remanded the case.