

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

---

### NO. PD-0175-14

---

**DONOVAN DARREN LEVOY MEADOWS, Appellant**

**v.**

**THE STATE OF TEXAS**

---

### ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW
### FROM THE SECOND COURT OF APPEALS
### WICHITA COUNTY

---

**JOHNSON, J., delivered the opinion of the unanimous Court.**

## O P I N I O N

A jury convicted appellant of two counts of aggravated robbery. The jury then assessed punishment at seventy-five years' incarceration for each count. The trial court entered judgment accordingly. On appeal, the court of appeals overruled appellant's sole point of error and affirmed the trial court's judgment. *Meadows v. State*, 2014 Tex. App. LEXIS 289, No. 02-12-00643-CR (Tex. App.–Fort Worth 2014) (not designated for publication). We sustain appellant's grounds for review and remand the cause to the court of appeals for reconsideration under the correct standard.

**Facts**

Appellant was convicted of robbing two named employees of a local restaurant before the

establishment opened for business that day. Appellant testified at the guilt phase. We quote from the opinion of the court of appeals.

> Prior to cross-examination and outside of the jury's presence, the State announced its intent to question Meadows about his convictions for theft by receiving and grand larceny in the early 1990s [fn] and his 1996 conviction for theft of property $20,000 to $100,000; his two 1998 misdemeanor "assault on female" convictions and his 2007 failure-to-identify conviction as crimes involving moral turpitude; and his 2009 assault-family violence conviction to impeach Meadows's statement during his direct examination that he would never harm anybody. When Meadows objected that the prior felony convictions exceeded the ten-year time limit, the State responded that the ten-year test did not apply when there were intervening crimes of moral turpitude. The trial court acknowledged that most of the convictions were beyond ten years but found "that in the interest of justice, the probative value of the conviction[s] and supported by the specific facts and circumstances outweighs the prejudicial effect." The trial court agreed that the assault-family violence conviction could be used because Meadows had opened the door by suggesting that he would never hurt anyone.

[fn.] In 1990, Meadows was convicted [in Colorado] of theft by receiving. He received probation for his [Wyoming] grand-larceny conviction, but his probation was revoked in 1991.

*Id.* at **1-2.

## Court of Appeals Opinion

On direct appeal, appellant claimed that the trial court abused its discretion in allowing the state to cross-examine him about felony convictions that were more than ten years old and about a misdemeanor conviction that was not a crime of moral turpitude. The court of appeals noted that "[w]hether to admit remote convictions lies within the trial court's discretion and depends on the facts and circumstances of each case." *Id.* at *3 (citing *Jackson v. State*, 50 S.W.3d 579, 591 (Tex. App.–Fort Worth 2001, pet. ref'd)). It declined appellant's invitation to revisit *Jackson* regarding the "tacking" of felony convictions that are out-of-date under Rule 609.[1] *Id.* at *4. Using the

---

[1] Unless otherwise indicated, all references to Rules are to the Texas Rules of Evidence.

standard found in Rule 609(a) instead of the more restrictive Rule 609(b), the court of appeals also noted that, under the tacking doctrine, a trial court must determine whether the probative value of the convictions outweighs, rather than "substantially" outweighs, their prejudicial effect and accordingly overruled appellant's complaint about the trial court's application of the balancing test. *Id.* at **4-5. The court of appeals also discussed the factors considered in weighing the probative value of a prior conviction against its prejudicial effect and concluded that the trial court did not abuse its discretion in its determination that the prior convictions' probative value outweighed their prejudicial effect. *Id.* at **5-7.

We granted appellant's two grounds for review.

1. The court of appeals committed error in misconstruing Tex.R.Evid[.] 609(b) by engrafting onto Tex.R.Evid. 609(b) the common law doctrine known as "tacking" to treat convictions older than 10 years as though they were more recent than 10 years although there is no provision contained in Rule 609 to allow such a result. Accordingly the court failed to properly analyze the ground of error brought forth by Appellant.

2. The Court of Appeals has, in its application of the common law doctrine, rewritten the plain language of rule 609 to create, as the court in *Hankins* said, a third category of cases not recognized by the rule, cases that have been transformed to a more recent vintage, without applying all the factors required by the rule, and the "substantially outweighed" standard that is specifically required by the rule.

Appellant asks, "In short, does the common law doctrine of Tacking survive the promulgation of the rules of evidence?" Appellant's brief at 3.

## Argument

Appellant argues that

[t]he court of appeals erred in ruling that the trial court committed no error or abuse of discretion by allowing into evidence remote convictions when the court failed to follow Tex.R.Evid[.] 609(b) but relied instead o[n] the common law doctrine of Tacking to treat remote convictions as recent convictions in determining whether

they were admissible.

Appellant's brief at 7. He asserts that the court of appeals "erred in relying on the common-law tacking doctrine to hold that the trial court did not abuse its discretion in admitting into evidence Appellant's convictions that were remote in time." Appellant's brief at 8. Noting the "outweighs its prejudicial effect" language of Rule 609(a), which the court of appeals used in its analysis, versus the "substantially outweighs its prejudicial effect" language of Rule 609(b), appellant argues that the court of appeals used the wrong rule and its attendant language in conducting its analysis. He suggests that, had it used the proper rule and language, it would have reversed the trial court's ruling.

The state acknowledges that the trial court's review of convictions that are more than ten years old should be conducted under the standard of Rule 609(b) and agrees that the court of appeals incorrectly used the "outweighs" test under Rule 609(a) rather than the more rigorous "substantially outweighs" test of Rule 609(b), but it also asserts that the court of appeals nevertheless reached the correct result when it concluded that the trial court did not abuse its discretion in admitting the remote convictions. The state maintains that, even using the balancing test of Rule 609(b), the remote convictions were admissible.

**Analysis**

The parties agree that the court of appeals applied Rule 609 incorrectly. We hold that the unambiguous plain language of the rule supplants the common-law tacking doctrine.

Under the tacking doctrine, a conviction that is more than ten years old can be tacked onto a more recent conviction for remoteness purposes, which then alters the legal standard governing its admission. *See Jones-Jackson v. State*, 443 S.W.3d 400, 403 (Tex. App.–Eastland 2014, no pet.). Under the tacking doctrine, if a defendant has one or more prior convictions that are more than ten

years old and also has more recent convictions for felonies or misdemeanors involving moral turpitude, such intervening convictions remove the taint of remoteness from the prior conviction and make a conviction older than ten years admissible. *Jackson v. State*, 11 S.W.3d 336, 339 (Tex. App.–Houston [1ˢᵗ Dist.] 1999, pet. ref'd); *Hernandez v. State*, 976 S.W.2d 753, 755 (Tex. App.–Houston [1ˢᵗ Dist.] 1998, pet. ref'd).

In *McClendon v. State*, 509 S.W.2d 851, 853-54 (Tex. Crim. App. 1974) (op. on rehr'g.), we observed that typically, "where a prior felony conviction has been used for impeachment, it has been held remote if the time of one's discharge from such conviction is more than ten years." We also noted that the ten-year rule is not always followed, as each case must rest upon its own circumstances. *Id.* at 854. We ultimately held:

> If more than ten years have elapsed since the discharge date of a prior conviction and if the witness has not been reformed, proof of such prior conviction may be shown for impeachment purposes.

*Id.* In *Crisp v. State*, 470 S.W.2d 58, 59-60 (Tex. Crim. App. 1971), we indicated that whether a prior conviction was too remote to impair the defendant's credibility was not to be arbitrarily determined by the lapse of time alone, but rather that the intervening conduct of the accused was pertinent and could be used in determining whether proof of the prior conviction was admissible or too remote. Thus, regardless of the time element, the facts of each case were to be considered in determining remoteness. *Id.*

However, we have recognized that, since September 1, 1986, the admissibility of prior convictions for witness impeachment purposes has been governed by Rule 609. *Ex parte Menchaca*, 854 S.W.2d 128, 130 (Tex. Crim. App. 1993). On March 1, 1998, the Rules of Evidence replaced the Rules of Criminal Evidence, and since that date we have been bound by Tex. R. Evid. 609, which

is substantially identical to former Tex. R. Crim. Evid. 609(a) and (b).

In unambiguous plain language, Rule 609(a) provides that witness credibility may be attacked by admitting evidence that the witness previously has been convicted of a felony or crime of moral turpitude if the trial court determines that the probative value of admitting the evidence simply outweighs its prejudicial effect. In equally unambiguous plain language, Rule 609(b) limits Rule 609(a) by providing that evidence of a prior conviction is inadmissible if more than ten years has elapsed since the later of the date of conviction or release of the witness from the confinement imposed for that conviction "unless the court determines, in the interests of justice, that the probative value of the conviction supported by specific facts and circumstances substantially outweighs its prejudicial effect." TEX. R. EVID. 609. In deciding whether, in the interests of justice, the probative value of a remote conviction substantially outweighs its prejudicial effect, a court may consider all relevant specific facts and circumstances, including whether intervening convictions dilute the prejudice of that remote conviction.

"In construing a court rule, we attempt to effectuate the plain language of the rule unless there are countervailing considerations." *Bruton v. State*, 428 S.W.3d 865, 873 (Tex. Crim. App. 2014) (citing *Nava v. State*, 415 S.W.3d 289, 306 (Tex. Crim. App. 2013)). Both parties agree that the text of the rule has an unambiguous and plain meaning, and we see no countervailing considerations.[2] The state recognizes and "agrees with the thorough analysis detailed in *Leyba v. State*, 416 S.W.3d 563 (Tex. App.–Houston [14th] Dist. 2013, pet. ref'd)," and the conclusion in that opinion that "Rule

---

[2] We observe that some courts of appeals have determined that the tacking doctrine continues in spite of the language of Rule 609. *See*, *e.g.*, *Smith v. State*, 439 S.W.3d 451, 457 (Tex. App.–Houston [1st Dist.] 2014, no pet.); *Mireles v. State*, 413 S.W.3d 98, 101-02 (Tex. App.–San Antonio 2013, pet. ref'd); *Celis v. State*, 369 S.W.3d 691, 695 (Tex. App.–Fort Worth 2012, pet. ref'd).

609 had supplanted the common-law exception and that under the rule's plain meaning, tacking is no longer permitted." State's brief at 3. Appellant is in agreement with the state as to the thorough analysis reflected in *Leyba*. Appellant's brief at 27.

*Leyba* recognized that Rule 609 represented a departure from its predecessor, Tex. Code Crim. Proc. art. 38.29, which contained no express prohibition on impeaching witnesses with evidence of convictions that were too remote. *Leyba*, 416 S.W.3d at 566. Common-law rulings filled in for the old statute's silence, and the tacking doctrine arose thereafter. *Id.* at 566-68. But, as discussed above, the adoption of the unambiguous plain language of the Rule 609 has supplanted the common-law tacking doctrine.

Appellant's grounds for review question the propriety of the court of appeals's application of Rule 609 in addressing his claim about the admissibility of evidence of his remote prior convictions in cross-examining him at trial. The state concedes that the court of appeals "utilized the 'outweighs' test under Rule 609(a) rather than the more rigorous 'substantially outweighs' test of Rule 609(b)" when it "found the trial court had not abused its discretion in admitting the remote convictions." State's brief at 3. The state recognizes that "[a] remand to conduct a [Rule] 609(b) analysis would be proper since [Rule] 609(b) is the correct theory of law applicable to the case." State's brief at 4, fn.5. We agree.

The court of appeals conducted its analysis using the general "outweighs" standard found in Rule 609(a) rather that the correct "substantially outweighs" test of Rule 609(b). It should have the opportunity to reconsider appellant's claim under the correct standard.

### Conclusion

We sustain appellant's grounds for review. Accordingly, we reverse the judgment of the

court of appeals and remand to that court for further action consistent with this opinion.


Delivered:  February 25, 2015
Publish