**Affirmed and Memorandum Opinion filed May 12, 2015.**



In The

# Fourteenth Court of Appeals

## NO. 14-13-00818-CR

**ANTHONY EARL WASHINGTON, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 248th District Court**
**Harris County, Texas**
**Trial Court Cause No. 1373285**

## MEMORANDUM OPINION

The question in this case is whether the trial court reversibly erred when it made a preliminary ruling that appellant could be impeached with evidence of his prior convictions. Because appellant did not testify during his trial, the impeachment evidence was never actually admitted. Accordingly, we conclude that nothing was preserved for appellate review. Without reaching the merits of appellant's complaint, we affirm the trial court's judgment.

# BACKGROUND

Appellant was charged with aggravated assault with a deadly weapon. After the State produced its evidence and closed its case-in-chief, appellant moved for a *Theus* hearing to determine whether he could testify free from impeachment. The trial court granted the motion, and the hearing was held outside the presence of the jury.

During the hearing, the trial court was advised that appellant had a lengthy criminal record, which consisted of the following convictions: (1) a 2008 felony for possession of a controlled substance, (2) a 2007 felony for attempted assault of a family member, (3) a 1999 felony for injury to a child, (4) a 1992 misdemeanor for criminal mischief, (5) a 1992 felony for possession of cocaine, (6) a 1987 misdemeanor for assault causing bodily injury, (7) a 1986 misdemeanor for theft, (8) a 1985 misdemeanor for possession of marijuana, (9) a 1985 misdemeanor for escape, (10) a 1984 misdemeanor for DWI, (11) a 1983 misdemeanor for possession of a controlled substance, and (12) a 1983 felony for arson.

Appellant argued that many of these convictions were inadmissible as evidence. Starting with the 1999 felony for injury to a child, appellant argued that this conviction was similar to the charged offense, and that it should be excluded because of the risk of unfair prejudice. Appellant also emphasized that this conviction predated the charged offense by more than ten years. His argument invoked Rule 609(b) of the Texas Rules of Evidence, which provides that evidence of a remote conviction is inadmissible unless its probative value "substantially outweighs" its prejudicial effect.

Appellant made a similar argument with respect to his 1992 felony for possession of cocaine. He said that this conviction was remote and that it had no probative value. Appellant likewise argued that evidence of the 1983 felony for

arson was inadmissible because it was too remote. Without addressing the felonies from 2008 or 2007, appellant argued that the remaining offenses should be excluded because they are misdemeanors and do not involve crimes of moral turpitude.

The State responded that it would not elicit testimony of any misdemeanors in the event that appellant decided to testify. As to the felonies, however, the State argued that evidence of these convictions was admissible. The State acknowledged that the felonies from 1999 and 1992 were remote, but the State explained that they could be "tacked" onto the recent felonies from 2008 and 2007. By referencing this tacking doctrine, the State believed that admission of the evidence was governed by Rule 609(a), which provides that evidence of a conviction is admissible if its probative value simply "outweighs" its prejudicial effect. The State indicated that this standard was met. The State did not specifically address the 1983 felony for arson.

The trial court agreed with the State and held that the tacking doctrine applied. The court then used the standard under Rule 609(a) and found that evidence of each of appellant's felonies was admissible because its "probative value does outweigh the potential for prejudice." The court also determined that the 1986 misdemeanor for theft was admissible because it was a crime of moral turpitude. With these rulings, appellant elected not to testify. He made no proffer as to what his testimony would have been had the trial court allowed him to testify free from impeachment.

**ANALYSIS**

Appellant correctly argues that the trial court applied the wrong standard. In *Leyba v. State*, this court held that Rule 609(b) supplanted the tacking doctrine, meaning that tacking is no longer permitted. *See* 416 S.W.3d 563, 569 (Tex.

3

App.—Houston [14th Dist.] 2013, pet. ref'd). We clarified that if the State intends to impeach a witness with evidence of a conviction that is at least ten years old, then the State must show that the probative value of that evidence "substantially outweighs" its prejudicial effect. *Id.* In *Meadows v. State*, the Court of Criminal Appeals embraced this analysis and held that Rule 609(b) provides the exclusive standard for admitting evidence of a remote conviction. *See* 455 S.W.3d 166, 171 (Tex. Crim. App. 2015).

But even though the trial court applied the wrong standard during the *Theus* hearing, its ruling was just *in limine*. *See Luce v. United States*, 469 U.S. 38, 40 n.2 (1984) (describing an *in limine* motion as "any motion, whether made before or during trial, to exclude anticipated prejudicial evidence before the evidence is actually offered"). The court did not admit any evidence of appellant's prior convictions during the trial itself.

A trial court's ruling *in limine* is preliminary only and it preserves nothing for appellate review. *See Geuder v. State*, 115 S.W.3d 11, 14–15 (Tex. Crim. App. 2003). Courts have consistently held that the defendant must testify to preserve any complaint that the trial court erroneously admitted evidence of a prior conviction. *See Luce*, 469 U.S. at 43; *Jackson v. State*, 992 S.W.2d 469, 479–80 (Tex. Crim. App. 1999). Without the defendant's testimony, a reviewing court would be forced to speculate about (1) the precise nature of the defendant's testimony, (2) whether the trial court's ruling would have remained the same or would have changed as the case unfolded, (3) whether the State would have sought to impeach the defendant with the prior conviction, (4) whether the defendant would have testified in any event, and (5) whether any resulting error in permitting the impeachment evidence would have been harmless. *See Jackson*, 992 S.W.2d at 479.

Appellant acknowledges in his brief that his failure to testify waives error, but he asks that we "reexamine this blanket rule" because we can be reasonably sure of how he would have testified and what evidence the State would have used to impeach him. We decline appellant's invitation. We are in no position to "reexamine" binding authority from a higher court. We conclude that appellant failed to preserve error.

## CONCLUSION

The trial court's judgment is affirmed.


/s/      Tracy Christopher
         Justice


Panel consists of Justices Christopher, Donovan, and Wise.
Do Not Publish — Tex. R. App. P. 47.2(b).

5