**AFFIRMED; Opinion Filed May 15, 2015.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-14-00284-CR

## LARRY TADUEEN BELLO, Appellant
## V.
## THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District Court No. 6
Dallas County, Texas
Trial Court Cause No. F-1251038-X

## MEMORANDUM OPINION
Before Justices Lang, Stoddart, and Schenck
Opinion by Justice Stoddart

A jury convicted Larry Tadueen Bello of possession of cocaine. After a punishment hearing, the trial court assessed punishment at two years' confinement, suspended the sentence, and placed Bello on community supervision for two years. In a single issue, Bello argues the trial court abused its discretion by overruling his evidence rule 609 objection to the admission of his prior convictions to impeach his credibility. We affirm the trial court's judgment.

### BACKGROUND

Officer Wener Perez testified he was responding to complaints of drug activity in an Oak Cliff neighborhood the evening of the offense when he noticed a suspicious vehicle with "temporary tags." After running the vehicle's information, Perez found multiple regional hits indicating several outstanding warrants. Perez initiated a stop of the vehicle. As he spoke to the driver, Larry Bello, Perez noticed a small green bag in Bello's mouth and believed Bello was

trying to swallow it. Suspecting that the bag contained cocaine, Perez told Bello to spit it out, but Bello refused. Perez opened the car door, forced Bello to the ground, and repeatedly requested that Bello spit the bag out. Eventually, Bello complied. Perez recognized the substance in the bag as crack cocaine and arrested Bello. A field test of the substance was positive for crack cocaine.

Bello offered a different version of the arrest. Bello explained he did not know why he was stopped and denied ever using cocaine. According to Bello, as he reached for his driver's license, Perez "jerked" Bello out of the car and onto the street, face down. Perez asked what was in Bello's mouth and told him to spit it out and not to swallow it. Bello opened his mouth to show Perez nothing was inside. The first time Bello saw the drugs was in Perez's hand. Perez said, "I found this in your mouth. This came out of your mouth."

Before cross-examining Bello, the State informed the trial court it planned to use Bello's prior convictions for felony theft and false identification to impeach his credibility. The State argued the 1998 felony theft conviction was admissible because Bello's four intervening convictions for false identification showed a lack of reformation. The State argued false identification was a crime of moral turpitude because it involves lying to the police. Bello's counsel objected, asserting the prior convictions were not admissible under rule 609 of the rules of evidence because false identification and felony theft are not crimes of moral turpitude and the prejudicial value of the theft conviction outweighed its probative value. The trial court overruled the objection.

## LAW & ANALYSIS

In a single issue, Bello argues the trial court abused its discretion by overruling his objection to the use of his prior convictions to impeach his credibility. Specifically, Bello asserts the prejudicial value of the evidence outweighed any probative value, rendering the convictions

inadmissible under rule 609. *See* TEX. R. EVID. 609(a), (b), 60 TEX. B.J. 1129 (1998, amended 2015).[1]

We review a trial court's decision to admit or exclude evidence under an abuse of discretion standard. *See Casey v. State*, 215 S.W.3d 870, 879 (Tex. Crim. App. 2007). We reverse only when the trial court's decision was so clearly wrong as to fall outside the zone of reasonable disagreement. *Id.* We uphold the trial court's ruling if it was correct on any theory reasonably supported by the evidence and applicable to the case. *See Willover v. State*, 70 S.W.3d 841, 845 (Tex. Crim. App. 2002).

Rule 609(a) of the Texas Rules of Evidence allows a defendant's credibility to be impeached by evidence of a felony conviction or conviction for a crime of moral turpitude when the probative value of the evidence outweighs its prejudicial effect. TEX. R. EVID. 609(a); *Rodriguez v. State*, 129 S.W.3d 551, 559 (Tex. App.—Houston [1st Dist.] 2003, pet. ref'd). However, if more than ten years have elapsed since the date of the conviction, evidence of the conviction is not admissible unless the trial court determines, in the interest of justice, that the probative value of the conviction supported by specific facts and circumstances substantially outweighs its prejudicial effect. TEX. R. EVID. 609(b). The burden of demonstrating the admissibility of the evidence rests on the proponent. *Theus v. State*, 845 S.W.2d 874, 880 (Tex. 1992).

In deciding whether, in the interests of justice, the probative value of a remote conviction substantially outweighs its prejudicial effect, a court may consider all relevant specific facts and circumstances, including whether intervening convictions dilute the prejudice of that remote conviction. *Meadows v. State*, 455 S.W.3d 166, 170 (Tex. Crim. App. 2015). The court considers several non-exclusive factors: (1) the impeachment value of the prior offense; (2) the

---

[1] Unless otherwise noted, any mention of Rule 609 references the 1998 version of the rule.

passage of time between the prior conviction and the date the defendant testifies; (3) the similarity between the prior conviction and any conduct of the defendant at issue in the present trial; (4) the importance of the defendant's testimony; and (5) the importance of the credibility issue. *Theus*, 845 S.W.2d at 880. The trial court is afforded wide discretion in weighing these factors. *Id*. at 881.

Bello concedes that felony theft and misdemeanor false identification are crimes of moral turpitude. He also concedes that three of the convictions for false identification were recent, within five years of the trial in this case. He contends, however, that because of its remoteness, the prejudicial effect of the felony theft conviction outweighed any probative value.

The first factor attaches higher impeachment value to a crime that involves deception or moral turpitude and, therefore, favors admission of evidence of a crime that "relates more to deception than not." *Theus*, 845 S.W.2d at 881. In the present case, theft is a crime of moral turpitude because it involves deception. *See Rodriguez*, 129 S.W.3d at 559. Accordingly, this factor weighs in favor of admission.

The second factor, temporal proximity, favors admission if the past crime is recent and the defendant has demonstrated a propensity for running afoul of the law. *Theus*, 845 S.W.2d at 881. Bello's theft conviction was sixteen years old at the time of trial. However, Bello's four intervening convictions for false identification show a lack of reformation and continuing disobedience of the law. The intervening convictions dilute the prejudicial effect of the otherwise remote conviction. *See Meadows*, 455 S.W.3d at 170. This factor weighs in favor of admission.

The third factor, lack of similarity with the present offense, weighs in favor of admissibility. Similarity of past offenses to a present offense weighs against admissibility because a jury is more likely to convict based upon perceived compliance with a previous

pattern of similar conduct. *Theus*, 845 S.W.2d at 881. Theft and possession of cocaine involve dissimilar conduct. *See Scope v. State*, No. 01–08–00824–CR, 2010 WL 3220627, at \*7 (Tex. App.—Houston [1st Dist.] Aug. 12, 2010, pet ref'd) (mem. op., not designated for publication) (finding aggravated robbery, which contains an element of theft, and possession of a controlled substance dissimilar). This factor favors admission. *See id.*

The fourth and fifth factors, the importance of defendant's testimony and the importance of credibility, are related and favor admission if the defendant's credibility is a critical issue, escalating the State's need to impeach the defendant's credibility. *Theus*, 845 S.W.2d at 880–81. In the present case, Bello testified that the first time he saw the bag of cocaine was in officer Perez's hand. Accordingly, Bello's credibility was a critical issue and the State's need to impeach Bello was heightened. *See Woodall v. State*, 77 S.W.3d 388, 396 (Tex. App.—Fort Worth 2002, pet. ref'd) ("where the case boils down to a 'he said, she said' situation between two witnesses, with little evidence to tip the scale in either party's favor, each witness' credibility becomes critical to the outcome of the case"). The fourth and fifth factors weigh in favor of admission.

After evaluating appellant's case under all the *Theus* factors, we cannot conclude the trial court abused its discretion by overruling his objection to the prior convictions. We overrule Bello's single issue.

We affirm the trial court's judgment.

/ Craig Stoddart/
CRAIG STODDART
JUSTICE

Do Not Publish
TEX. R. APP. P. 47.2(b)
140284F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

**JUDGMENT**

LARRY TADUEEN BELLO, Appellant

No. 05-14-00284-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District Court
No. 6, Dallas County, Texas
Trial Court Cause No. F-1251038-X.
Opinion delivered by Justice Stoddart.
Justices Lang and Schenck participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.


Judgment entered this 15th day of May, 2015.