

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-13-00858-CR

Wesley Allen **DOTSON**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 81st Judicial District Court, Karnes County, Texas
Trial Court No. 13-01-00015-CRK
Honorable Bert Richardson, Judge Presiding

Opinion by:     Sandee Bryan Marion, Chief Justice

Sitting:        Sandee Bryan Marion, Chief Justice
                  Marialyn Barnard, Justice
                  Luz Elena D. Chapa, Justice

Delivered and Filed:   August 12, 2015

AFFIRMED

This appeal is on remand from the Texas Court of Criminal Appeals. On original submission, we affirmed the trial court's judgment, holding the trial court did not err by allowing the State to impeach a witness with prior felony convictions. In reaching our conclusion, we applied the common-law tacking doctrine and Texas Rule of Evidence 609(a)'s "outweigh" standard. On appellant's appeal to the Texas Court of Criminal Appeals, the court vacated our judgment and remanded the cause to this court for reconsideration in light of its opinion in

*Meadows v. State*, 455 S.W.3d 166 (Tex. Crim. App. 2015). Both parties were permitted to rebrief the issues on remand. We affirm.

## BACKGROUND[1]

Appellant is an inmate of the Texas Department of Criminal Justice Correctional Institutions Division. On July 26, 2012, appellant was involved in an altercation with correctional officer Gonzalo Martinez. Martinez sustained serious injuries as a result of the altercation, and the State charged appellant with aggravated assault of a public servant. The trial took place in August 2013. During the trial, appellant called a fellow inmate, German Rodriguez, to testify as a defense witness. On cross-examination, the State sought to impeach Rodriguez by introducing his prior felony convictions. Outside the presence of the jury, the trial court heard testimony regarding Rodriguez's prior felony convictions: a 1984 attempted murder conviction, a 1986 aggravated assault conviction, and a 1999 aggravated assault of a public servant conviction. The trial court also heard that Rodriguez was currently incarcerated for DWI with a deadly weapon. The State, however, did not seek to introduce evidence of Rodriguez's DWI conviction. Appellant objected on the grounds the convictions were too remote. The trial court allowed the admission of Rodriguez's prior convictions. A jury found appellant guilty of aggravated assault of a public servant, sentenced him to fifty years' confinement, and assessed a $10,000 fine. In a single issue on appeal, appellant asserts the trial court erred by allowing the State to impeach Rodriguez with his prior felony convictions.

---

[1] We repeat the "Background" set forth in our prior opinion. *See Dotson v. State*, No. 04-13-00858-CR, 2014 WL 4438088, at *1 (Tex. App.—San Antonio Sept. 10, 2014), *judgment vacated and remanded*, *Dotson v. State*, PD-1374-14, 2015 WL 1759345 (Tex. Crim. App. Apr. 15, 2015) (per curiam).

## ADMISSIBILITY OF PRIOR CONVICTIONS

Under Texas Rule of Evidence 609(a), "witness credibility may be attacked by admitting evidence that the witness previously has been convicted of a felony or crime of moral turpitude if the trial court determines that the probative value of admitting the evidence simply outweighs its prejudicial effect." *Meadows*, 455 S.W.3d at 170; TEX. R. EVID. 609(a). Rule 609(a) is limited by Rule 609(b) "by providing that evidence of a prior conviction is inadmissible if more than ten years has elapsed since the later of the date of conviction or release of the witness from the confinement imposed for that conviction 'unless the court determines, in the interests of justice, that the probative value of the conviction supported by specific facts and circumstances substantially outweighs its prejudicial effect.'" *Meadows*, 455 S.W.3d at 170 (internal citation omitted). "In deciding whether, in the interests of justice, the probative value of a remote conviction substantially outweighs its prejudicial effect, a court may consider all relevant specific facts and circumstances, including whether intervening convictions dilute the prejudice of that remote conviction." *Id.*

Because Rodriguez's 1999 conviction falls within the scope of Rule 609(a) and our prior conclusion that evidence of that conviction was admissible is not affected by the *Meadows* opinion, we analyze only whether the trial court erred in admitting evidence of Rodriguez's 1984 attempted murder conviction and his 1986 aggravated assault conviction.

In our prior opinion, we considered the following non-exclusive *Theus* factors in weighing the probative value of Rodriguez's prior convictions against its prejudicial effect: (1) the impeachment value of the prior crime, (2) the temporal proximity of the past crime relative to the charged offense and the defendant's later history, (3) the similarity between the past crime and the offense being prosecuted, (4) the importance of the defendant's testimony, and (5) the importance of the credibility issue. *See Dotson*, 2014 WL 4438088, *1; *Theus v. State*, 845 S.W.2d 874, 880

(Tex. Crim. App. 1992). We concluded the *Theus* factors weighed in favor of admitting the convictions into evidence;[2] and, on remand, we do not revisit that conclusion. *Dotson*, 2014 WL 4438088, at \*2-3. However, our analysis does not end here.

As directed by the *Meadows* Court, "[i]n deciding whether, in the interests of justice, the probative value of a remote conviction substantially outweighs its prejudicial effect, a court may consider all relevant specific facts and circumstances, including whether intervening convictions dilute the prejudice of that remote conviction." *Meadows*, 455 S.W.3d at 170. Our review of the record indicates both the State and the trial court believed the admissibility of the prior convictions should be assessed using the tacking doctrine under Rule 609(a), and not 609(b). The trial court ruled the State could ask Rodriguez about his prior convictions, but not go into any details. Accordingly, the State did not offer any "specific facts and circumstances" beyond the date and type of crime. The State did not explain how the prior convictions had any probative value, or that the probative value was supported by specific facts and circumstances.

"As the proponent of the evidence, the prosecution assumed the burden of adducing specific facts and circumstances to show that the probative value of the prior conviction substantially outweighed its prejudicial effect." *Leyba v. State*, 416 S.W.3d 563, 573 (Tex. App.— Houston [14th Dist.] 2013, pet. ref'd) (concluding "prosecution adduced virtually no facts about this conviction"). We conclude the State did not satisfy its difficult burden under Rule 609(b). *Id.* at 572-73 (concluding same). Therefore, the trial court erred by allowing the State to impeach Rodriguez with his 1984 and 1986 convictions. Accordingly, we next assess whether appellant was harmed by the erroneous admission into evidence of these convictions.

---

[2] We determined the first and third factors weighed against admissibility; and the second, fourth, and fifth factors weighed in favor of admissibility. *Dotson*, 2014 WL 4438088, at \*2-3.

**HARM ANALYSIS**

The trial court's decision to admit the convictions into evidence is subject to a harm analysis for non-constitutional error. Under this standard, error must be disregarded unless it affects a defendant's substantial rights. TEX. R. APP. P. 44.2(b). An error affects a defendant's substantial rights when the error has a substantial and injurious effect or influence on the jury's verdict. *King v. State*, 953 S.W.2d 266, 271 (Tex. Crim. App. 1997). "A criminal conviction should not be overturned for non-constitutional error if the appellate court, after examining the record as whole, has fair assurance that the error did not influence the jury, or had but a slight effect." *Johnson v. State*, 967 S.W.2d 410, 417 (Tex. Crim. App. 1998). Conversely, a conviction must be reversed for non-constitutional error if the reviewing court has "grave doubt" that the result of the trial was free from the substantial effect of the error. *Barshaw v. State*, 342 S.W.3d 91, 93-94 (Tex. Crim. App. 2011). "Grave doubt" means that "in the judge's mind, the matter is so evenly balanced that he feels himself in virtual equipoise as to the harmlessness of the error." *Id.* at 94.

An appellate court should consider "everything in the record, including any testimony or physical evidence admitted for the jury's consideration, the nature of the evidence supporting the verdict, the character of the alleged error and how it might be considered in connection with other evidence in the case." *Morales v. State*, 32 S.W.3d 862, 867 (Tex. Crim. App. 2000). An appellate court should also consider the jury instruction given by the trial judge, the State's theory and any defensive theories, closing arguments and even voir dire, if material to the defendant's claim. *Id.*

Considering the record as a whole, we hold the error here did not have a substantial and injurious effect or influence on the jury's verdict. At trial, correctional officer Gonzalo Martinez testified he and appellant got into a verbal altercation when Officer Martinez searched appellant's cell. The verbal altercation eventually turned physical, with both men falling down some stairs.

Officer Martinez said appellant tried to gouge out his eyes. Other correctional staff eventually arrived and restrained appellant. Officer Martinez underwent ophthalmological surgery and other medical treatment for his injuries. Correctional Officer Jesus Garza testified he witnessed Officer Martinez and appellant talking, he saw appellant hit Martinez in the face, and then watched as both Officer Martinez and appellant fell down the stairs with appellant landing on top of Martinez. Officer Garza said appellant then grabbed Officer Martinez's head and struck his head on the stairs seven or eight times. Officer Garza said he did not see Officer Martinez make any aggressive move towards appellant that might have provoked the attack. Two other correctional officers testified that when they arrived at the scene of the altercation, appellant had Officer Martinez's head in his hands and was slamming Martinez's head into the stairs. Neither witnessed how the altercation began or whether, when, or how Officer Martinez hit appellant.

Appellant did not testify in his own behalf, but called three fellow inmates as witnesses: German Rodriguez (whose prior convictions are at issue in this appeal), Walter Rice, and Bill Cason. Rodriguez testified he was an inmate in the same unit as appellant and, on the day of the assault, he was in the day room when he heard Officer Martinez yelling at appellant, but he could not hear the exact words because of other noise in the area. Rodriguez said he then went inside his cell, at which time he heard noise on metal. When he came out of his cell, he looked in the direction of the metal stairs and saw Officer Martinez and appellant "struggling to [sic] each other, like wrestling." He saw the two men fall down the stairs, with appellant landing on top of Officer Martinez. Rodriguez said appellant "was trying to get up, but exactly at that time is when [two other correctional officers arrived]." On cross-examination, Rodriguez explained further that he saw Officer Martinez and appellant "like wrestlers on TV, they hold hands, you know, holding hands like wrestling like trying to overpower each other, something like that." He did not see appellant strike Officer Martinez, but he said appellant had his hands on or near Martinez's throat

as he tried to stand up. Over defense counsel's objection, the jury heard that Rodriguez served time in New Jersey for aggravated assault, and in Texas for attempted murder and aggravated assault.

Walter Rice, also an inmate in the same unit as appellant, testified that on the day of the assault he was in the day room when he heard Officer Martinez "hollering out real loud saying [appellant] was a child molester and that he — that's all he was gonna do is talk." Rice said a few minutes later, Officer Martinez and appellant rolled down the stairs while wrestling/struggling with each other and he did not see any hitting, although he saw Officer Martinez hit his head on the stairs. Rice said he had felony convictions in Texas for capital murder and robbery, and in Louisiana for burglary, theft, and aggravated robbery, and he had been incarcerated for about eleven years.

Finally, Bill Cason, also an inmate in the same unit as appellant, testified that on the day of the assault he was in the day room when he saw Officer Martinez and appellant arguing. He said appellant turned to walk away from Martinez and Martinez followed appellant "screaming obscenities at him, calling him a bitch, a ho, a pussy [and] a child molester . . . ." Cason said Officer Martinez followed appellant down the stairs "and that's when [appellant] went back up [the stairs] and the altercation happened on the stairs." He saw the two men "kind of tussle," but no hitting. Cason said he had felony convictions in Texas for murder and two aggravated assaults with a deadly weapon, and he had been incarcerated for about ten years.

During closing arguments, defense counsel conceded "we brought you [the jury] felons . . . ." But, counsel argued the men had no reason to not tell the truth. The State argued:

> Keep your common sense. I agree with [defense counsel] about that. Keep your common sense about you. It's the best thing you have to guide you in this case. Your common sense tells you who to believe and who not to believe. You heard from her [defense counsel's] three witnesses. You heard from a guy who was convicted of capital murder, ag robberies. You had one guy who had murder, ag

robbery, ag assault, and a couple of ones he was going so fast I couldn't even write them down.

You heard from another guy who had also some horrible offenses. Let's see, what was his last one here? Oh, yeah, Mr. Cason, murder, ag assault with a deadly weapon, ag assault with a deadly weapon. Every one told you a story that made no sense. Every one of them told you that [appellant] is this poor innocent who just happened to land on top of Gonzalo Martinez and wasn't trying to do a thing to Gonzalo Martinez. Never hit him. Never. . . .

. . .

And as for this noise about people saying Gonzalo Martinez cussed him out and called him a child molester and all that, if you want to believe that then you're going to have to believe those criminals over the people who are out there holding the line so you and your family don't have to deal with these folks. . . . .

The State's case depended on the jury believing Officer Martinez's version of events over appellant's version. For the defense, appellant called three witnesses, all of whom testified to substantially the same sequence of events. Even if the trial court erred by allowing the State to impeach Rodriguez with his 1984 and 1986 convictions, the jury knew that all three defense witnesses were inmates convicted of multiple felonies, including murder, attempted murder, aggravated assault, robbery, burglary, and theft. Cason was the only inmate mentioned by name in closing arguments.

On this record, we believe the trial court's error had either no or only a slight influence on the verdict; therefore, the error was harmless.

## CONCLUSION

We conclude the trial court erred by allowing the State to impeach Rodriguez with his 1984 and 1986 felony convictions; however, the error was harmless. Therefore, we affirm the trial court's judgment.

Sandee Bryan Marion, Chief Justice

Do not publish