CAUSE NOS.01-13-00415-CR; 01-13-00416-CR; 01-13-00417-CR



FILED IN
1ST COURT OF APPEALS
HOUSTON, TEXAS

SEP 25 2015

CHRISTOPHER A PRINE
CLERK

IN THE TEXAS COURT OF APPEALS

FIRST JUDICIAL DISTRICT

HOUSTON, TEXAS

JAVIER NOEL CAMPOS
Appellant

VS.

THE STATE OF TEXAS
Appellee

APPELLANT'S SUPPLEMENTAL BRIEF

On remand from the Texas Court of Criminal Appeals in Nos.
PD-0054-15; PD-0055-15; PD-0056-15
From the 184th District Court of Harris County , Texas
in Trial Nos. 1308988; 1328806; 1328807
Honorable Jan Krocker , Presiding

JAVIER NOEL CAMPOS
Appellant , pro se
TDCJ # 1854678
MARK STILES UNIT
3060 FM 3514
Beaumont , Texas 77705

## IDENTITY OF PARTIES

Javier Noel Campos - Appellant

TRIAL ATTORNEYS

Greg Houlton - Attorney for State
1201 Franklin , Ste. 600
Houston , Texas 77002

Diana Olvera - Attorney for Appellant
Daniel Lacayo,Jr. - Attorney for Appellant
Harris County Public Defender's Office
1201 Franklin , 13th floor
Houston , Texas 77002

APPELLATE ATTORNEYS

Harris County District Attorney's Office
Appellate Division
1201 Franklin , Ste. 600
Houston , Texas 77002

Wayne T. Hill - Attorney for appellant
4615 Southwest Freeway , Ste. 600
Houston , Texas 77027

Honorable Jan Krocker - Trial Judge
184th District Court
Harris County Criminal Justice Center
1201 Frnklin Street , 17th floor
Houston , Texas 77002

## TABLE OF CONTENTS

|  | Page |
|---|---|
| IDENTITY OF PARTIES | i |
| TABLE OF CONTENTS | ii |
| INDEX OF AUTHORITIES | iii |
| STATEMENT OF THE CASE | 1 |
| STATEMENT OF PROCEDURAL HISTORY | 1 |
| STATEMENT REGARDING ORAL ARGUMENTS | 1 |
| STATEMENT OF THE FACTS | 1 |
| POINT OF ERROR #1 | 2-4 |
| PRAYER FOR RELIEF | 4 |
| CERTIFICATE OF SERVICE | 5 |
| INMATE OATH/DECLARATION | 5 |

## INDEX OF AUTHORITIES

Cases                                                                    Page

Meadows V. State, 455 S.W.3d 166, 169 (Tex. Crim. App. 2015)
. . . . . . . . . . . . . . . . 3

Miller V. State, 196 S.W. 3d 256 (Tex. App.-Fort Worth 2006, pet. ref'd)
. . . . . . . . . . . . . . . 3

Theus V. State, 845 S.W.2d 874 (Tex. Crim. App. 1992)
. . . . . . . . . . . . . . . 3


Statues

Teas Rules of Evidence 609                                               2,3

## STATEMENT OF THE CASES

Appellant was tried and convicted in one trial on three seperate accounts of aggravated sexual assaults of a child in Cause Nos. 1308988 (CR-1-26); 1328806 (CR-1-10); and 1328807 (CR-1-10). Appellant was found guilty and sentenced to sixty-eight(68) years in the Texas Department of Criminal Justice Institutional Divisions. The Court granted State's Motion to Cumulate Appellant's Sentences. Appellant gave timely notice of appeal.

## STATEMENT OF PROCEDURAL HISTORY

The First Court of Appeals affirmed Appellant's appeal and issued it's memorandum opinion on January 13, 2015. Appellant filed a Motion for Rehearing and a Motion for En Banc Reconsideration on Febuary 2, 2015. Both Motions were denied on Febuary 19, 2015. Appellant filed a Petition for Discretionary Review with the Texas Court of Criminal Appeals on April 22, 2015. The Court of Criminal Appeals rendered it's decision on July 29, 2015 and remanded the case back to the Court of Appeals First Judicial District for further analysis. The deadline for filing a supplemental brief is October 1, 2015. Appellant filed an extension of time to file a Supplemental Brief on September 16, 2015.

## STATEMENT REGARDING ORAL ARGUMENTS

Appellant requests oral argument. Oral arguments will benefit this Court during it's decisional process.

## STATEMENT OF THE FACTS

For the sake of convenience and simplicity, please incorporate Appellant's statement of facts from original brief pages 1-21 as if here.

<u>POINT OF ERROR NUMBER ONE</u>

THE TRIAL COURT ERRORED WHEN IT ALLOWED THE STATE TO CROSS EXAMINE APPELL-
ANT CONCERNING A CONVICTION WHICH WAS MORE THAN TEN YEARS OLD.

(It should be noted that point of error number one on this supplemental
brief correspondes to point of error number nine from the original brief)

## Statement Of Facts

Appellant filed a Motion To Testify Free of Impeachment by Prior
Convictions. One of the prior convictions under review by the Trial Court
was a 1992 felony conviction for aggravated assault. Appellant's counsel
noted that this conviction was more than ten (10) years old, claiming
that it was substantially more prejudicial due to the age of the convict-
ion.(R-VI-72) In it's efforts to introduce evidence of Appellant's 1992
aggravated assault conviction, the State relied upon "tacking" a 2006
misdemeanor assault on a family member (not a female). (R-VI-69)
Appellant's counsel objected, noting that this misdemeanor was not class-
ified as a crime involving moral turpitude and therefore not admissible.
(R-VI-69) The Trial Court commented that she assumed Appellant would
have been off parole in 1997 on the 1992 case. The Court went on to say
that due to a 2006 conviction, she would use "tacking" to bring the 1992
conviction within the ten year rule envisioned by the rule 609 of the
Texas Rules of Evidence. Appellant was cross-examined concerning the
1992 aggravated assault case. (R-VI-98)

## ARGUMENTS AND AUTHORITIES

In the unambiguous plain language , Rule 609(a) provides that witness
credibility may be attacked by admitting evidence that the witness prev-
iosly has been convicted of a felony or crime of moral turpitude if the
Trial Court determines that the probative value of admitting the evidence

2.

simply outweighs it's prejudicial effect. In equally unambiguous plain language, Rule 609(b) limits Rule 609(a) by providing that evidence of a prior conviction is inadmissible if more than ten years has elapsed since the latter of the date of the conviction or release of the witness from the confinement imposed for that conviction unless the Court determines in the interest of justice, that the probative value of the conviction supported by specific facts and circumstnces substantially outweighs it's prejudicial effect.

Whether to admit remote convictions lies within the Trial Court's discretion. Theus v. State, 845 S.W. 2d 874 (Tex. Crim. App. 1992) If the Trial Court's decision falls outside the "zone of reasonable disagreement" it has abused it's discretion. Theus and Miller V. State, 196 S.W. 3d 256 (Tex. App-Fort Worth 2006 , pet. ref'd)

The issue of applying the common law "tacking" doctrine under Texas Rule of Evidence 609(a)(b) was addressed by the Texas Court of Criminal Appeals in Meadows V. State, 455 S.W.3d 166,169 (Tex. Crim. App. 2015)

In Meadows, the Court stated that "the Court of Appeals committed error by engrafting onto Texas Rule Of Evidence 609(b) the common law doctrine known as "tacking" to treat convictions older than ten(10) years old as though they were more recent than ten(10) years although there is no provision contained in Rule 609 to allow such result." (Id at 1. ftnt)

In the instant case, appellant submits that if the 2006 misdemeanor assault (not against a woman) is not classified as a crime involving moral turpitude and doesn't substantially outweigh its prejudicial effect, then its use to "tack" back to the 1992 aggravated assault was error. Meadows,supra

Therefore, the Trial Court could not permissibly allow the State to use

3.

his 2006 misdemeanor assault conviction to "tack" onto his 1992 aggravated assault conviction and for this, the case should be sent back to the Trial Court for further proceedings.

## PRAYER

WHEREFORE, PREMISES CONCIDERED, Appellant prays that the Court review the remaining point of error raised herein and find, as a matter of law, that the error has merit and that the Court grant relief as it deems necessary.

RESPECTFULLY SUBMITTED,

Javier Noel Campos
Appellant, pro se
TDCJ # 1854678
Mark Stiles Unit
3060 FM 3514
Beaumont , Texas 77705

4.

## CERTIFICATE OF SERVICE

A true and correct copy of Appellant's Supplemental Brief has been served to the Harris County District Attorney's Office-Appellate Division 1201 Franklin , Ste.600, 6th floor, Houston , Texas 77002.

Signed on this 23rd day of September 2015.

_J. Campos_

Javier Noel Campos
Appellant , pro se


## INMATE OATH/ DECLARATION

I , Javier Noel Campos , being presently incarerated in the Mark Stiles Unit of the Texas Department of Criminal Justice in Beaumont, Texas , Jefferson County, Texas , do verify and declare under penality of perjury that the foregoing statements are true and correct.

Executed on this 23rd day of September 2015.

September 23, 2015

FILED IN
1ST COURT OF APPEALS
HOUSTON, TEXAS

SEP 2 5 2015

CHRISTOPHER A. PRINE
CLERK _____

Christopher A. Prine
Clerk
First Court Of Appeals
301 Fannin Street
Houston , Texas 77002

RE: Javier Noel Campos VS. The State Of Texas
    Cause Nos. 01-13-00415-CR; 01-13-00416-CR; 01-13-00417-CR

Dear Clerk:

Please find enclosed, petitioner's pro se Supplemental Brief. Please file it and bring it to the attention of the Court.

I also ask that you notify me if and when respdent files a counter brief and of the judgement of same said cause by the Court.

In addition , please date stamp this letter or in the alternative , send a copy of same said brief date stamped back to me at the address listed below. Thank you in advance for all your time and attention to this matter and I anticipate hearing from you.

RESPECTFULLY SUBMITTED,

_____

Javier Noel Campos
Appellant , pro se
TDCJ # 1854678
Mark stiles Unit
3060 FM 3514
Beaumont , Texas 77705

JAVIER CAMPOS
TDCJ #1854678
MARK STILES UNIT
3060 FM 3514
BEAUMONT, TEXAS 77705

RECEIVED
FIRST COURT OF APPEALS
HOUSTON, TEXAS

SEP 2 5 2015

CHRISTOPHER A. PRINE
CLERK

MAIL RECEIVED

FIRST COURT OF APPEALS
Attn: CHRISTOPHER A. PRINE, CL
301 FANNIN STREET
HOUSTON, TEX