

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-16-00204-CR

David **TORRES**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 25th Judicial District Court, Guadalupe County, Texas
Trial Court No. 15-11-25-CR-B
Honorable W.C. Kirkendall, Judge Presiding

Opinion by:    Karen Angelini, Justice

Sitting:       Sandee Bryan Marion, Chief Justice
               Karen Angelini, Justice
               Irene Rios, Justice

Delivered and Filed:  February 8, 2017

AFFIRMED

David Torres was convicted by a jury of evading arrest and tampering with physical evidence.  The sole issue presented on appeal is whether the trial court abused its discretion in admitting evidence of Torres's 1993 conviction of delivery of a controlled substance because the probative value of the offense did not substantially outweigh its prejudicial effect.  We affirm the trial court's judgment.

**BACKGROUND**

Only two witnesses testified at trial. The arresting officer, Deputy Eric Roseland, who had worked in law enforcement for six years, testified he passed Torres's vehicle while traveling in the opposite direction and observed cracks in the windshield. The cracks obstructed the driver's view which constituted a traffic violation. After Torres's vehicle passed Deputy Roseland's vehicle, Deputy Roseland observed the rear of Torres's vehicle in his side mirror and saw a tail lamp on the vehicle was malfunctioning. Deputy Roseland turned his patrol vehicle around to pursue Torres's vehicle and confirmed his observation of the malfunctioning tail lamp.

After a short period of time, Deputy Roseland activated his overhead lights to stop Torres's vehicle. When Torres failed to stop, Deputy Roseland also activated his siren. After the vehicles traveled approximately two miles from the point Deputy Roseland first activated his overhead lights, Torres stopped his vehicle in the right lane of traffic on a bridge. Torres exited the vehicle, and Deputy Roseland commanded him to stop and show his hands. Ignoring Deputy Roseland's commands, Torres walked around the front of his vehicle and climbed a concrete barrier to reach the side of the bridge. Deputy Roseland testified he saw Torres lean slightly over the edge of the bridge and make a quick, fast movement with his hand; however, Deputy Roseland could not see anything drop from Torres's hand because it was dark. Torres then complied with Deputy Roseland's commands and was handcuffed. Deputy Roseland was unable to recover anything Torres might have discarded from the water under the bridge.

A videotape of the stop was introduced into evidence and played for the jury. Deputy Roseland testified he could see the defect in the vehicle's rear light in the video and also noted Torres ran two stop signs during the pursuit.

Torres testified in his own defense and stated he had been using crack cocaine for three days before he was arrested. He was homeless and sleeping in his car because his wife kicked him

out for using drugs. Torres had been using drugs since he was thirteen and would use them every day he had the money to purchase them. When he saw the officer pass him and then saw lights in his rear view mirror, Torres thought he was hallucinating from the drugs. He did not believe his tail light was defective or that the crack in his windshield obstructed his view. Torres testified he continued driving even after he realized a police officer was following him because he was high on drugs and panicked. He thought if he could get to the bridge, he could jump off it. He also thought if he rushed out of his car to the side of the bridge, the officer would shoot him. Torres stated he did not throw anything off the bridge.

On cross-examination, Torres denied being in possession of drugs while he was being followed by the officer but admitted he crushed the pipe he had used to ingest crack cocaine on the floorboard during the pursuit. Although Torres also admitted making a motion with his arm at the side of the bridge, he denied it was a throwing motion. Torres stated he reached in his belt to pick up his pants, not to grab something to throw away. Torres admitted he was convicted in 2006 of aggravated assault and was sent to prison for that offense. Torres also admitted he was convicted in 1993 of delivery of a controlled substance and went to prison for that offense.

The jury found Torres guilty of evading arrest and tampering with physical evidence. Torres appeals.

### DISCUSSION

Torres contends the trial court abused its discretion in admitting evidence of his 1993 conviction of delivery of a controlled substance because the probative value of the offense did not substantially outweigh its prejudicial effect.

In 2015, the Texas Court of Criminal Appeals clarified that in determining the admissibility of prior convictions for impeachment purposes, Rule 609(b) of the Texas Rules of Evidence

supplants the common-law tacking doctrine.[1] *Meadows v. State*, 455 S.W.3d 166, 169 (Tex. Crim. App. 2015).  Under Rule 609(b), "evidence of a prior conviction is inadmissible if more than ten years have elapsed since the later of the date of conviction or release of the witness from the confinement imposed by that conviction 'unless the court determines, in the interests of justice, that the probative value of the conviction supported by specific facts and circumstances substantially outweighs its prejudicial effect.'"  *Id*. at 170 (quoting TEX. R. EVID. 609(b)).

In this case, when defense counsel objected to the prosecutor's question about Torres's 1993 conviction, the prosecutor initially alluded to the common-law tacking doctrine as a basis for its admissibility.  After hearing the prosecutor's response, the trial court sustained defense counsel's objection.  The prosecutor then stated he had a second reason for admitting the conviction, and the following exchange occurred:

> [Prosecutor]:  There's a second basis for — that it be admitted, that the punishment is 15 years in prison, which means his term won't expire until 2008, which would be less than 10 years.  He was convicted in 1993.  He received a 15-year sentence, which would put him out to 2008, which is less than 10 years.
> THE COURT:  Do you have the judgment.
> [Prosecutor]:  Yes, sir. (Indicating).
> THE COURT:  (Reading).  All right.  I'll overrule the objection.

Torres's trial in the underlying cause occurred in March of 2016.  Because Torres was convicted in 2006 of an offense he committed in 2004, Torres reasons in his brief that he had to have been released in 2004.  Therefore, Torres argues more than ten years had elapsed from the date of his release from the confinement imposed for the 1993 conviction.  If Torres is correct, the State, as the proponent of the evidence, "assumed the burden of adducing specific facts and

---

[1] "Under the tacking doctrine, a conviction that is more than ten years old can be tacked onto a more recent conviction for remoteness purposes, which then alters the legal standard governing its admission." *Meadows*, 455 S.W.3d at 170. "Under the tacking doctrine, if a defendant has one or more prior convictions that are more than ten years old and also has more recent convictions for felonies or misdemeanors involving moral turpitude, such intervening convictions remove the taint of remoteness from the prior conviction and make a conviction older than ten years admissible." *Id*.

circumstances to show that the probative value of the prior conviction substantially outweighed its prejudicial effect," which this court previously described as a "difficult burden" to satisfy. *Dotson v. State*, No. 04-13-00858-CR, 2015 WL 4759992, at *2 (Tex. App.—San Antonio Aug. 12, 2015, no pet.).

Even if we assume, for purposes of this opinion, that the trial court erred in admitting the testimony regarding the 1993 conviction,[2] the error must be disregarded unless it affected Torres's substantial rights. TEX. R. APP. P. 44.2(b). "A substantial right is affected when the error had a substantial and injurious effect or influence in determining the jury's verdict." *King v. State*, 953 S.W.2d 266, 271 (Tex. Crim. App. 1997). A criminal conviction will not be overturned for non-constitutional error "if the appellate court, *after examining the record as a whole*, has fair assurance that the error did not influence the jury, or influenced the jury only slightly." *Schutz v. State*, 63 S.W.3d 442, 444 (Tex. Crim. App. 2001) (emphasis in original). We "consider everything in the record, including testimony and physical evidence, the nature of the evidence supporting the verdict, and the character of the error and its relationship to other evidence." *Id.* We "might also consider the jury instruction given by the trial judge, the State's theory and any defensive theories, closing arguments and even voir dire, if material to appellant's claim." *Morales v. State*, 32 S.W.3d 862, 867 (Tex. Crim. App. 2000).

In this case, we hold the admission of the 1993 conviction did not affect Torres's substantial rights. Deputy Roseland's testimony and the videotape of the incident support the jury's verdict.

---

[2] The testimony consisted of the following three questions and answers:
Q.      Mr. Torres, you were also convicted on March 3rd, 1993, of delivery of a controlled substance, a first degree felony, correct?
A.      Yes, sir.
Q.      And that was Cause Number 93-0186-CR here in Guadalupe County?
A.      Yes, sir.
Q.      And you went to prison for that conviction as well?
A.      Yes, sir.

Furthermore, Torres's testimony regarding his longstanding history of drug use, including his use both on the day of his arrest and the preceding three days, eliminated any influence the 1993 conviction might have had on the jury. Although the State referred to Torres's prior convictions in its closing argument, the State emphasized that the prior convictions did not mean Torres committed the offenses with which he was charged, and the jury could only use that evidence in deciding his credibility. Similarly, the jury charge also instructed the jury the prior convictions could not be considered as evidence of guilt but could only be used to pass upon the weight the jury gave Torres's testimony. Therefore, the error, if any, in admitting the 1993 conviction must be disregarded. TEX. R. APP. P. 44.2(b).

## CONCLUSION

The trial court's judgment is affirmed.

Karen Angelini, Justice

DO NOT PUBLISH