

IN THE
TENTH COURT OF APPEALS

_____

No. 10-21-00158-CR

_____

HOLLIS LANE WILLINGHAM,

Appellant

v.

THE STATE OF TEXAS,

Appellee

_____

From the 369th District Court
Leon County, Texas
Trial Court No. 19-0032CR

_____

DISSENT TO ABATEMENT ORDER

_____

For the reasons expressed in my dissent in *Welch*, I respectfully dissent to the Court's abatement order in this proceeding. *See Welch v. State*, ___ S.W.3d ___, No. 10-21-00284-CR, 2022 Tex. App. LEXIS 7647 (Tex. App.—Waco Oct. 12, 2022, ord.) (Gray, C.J., dissenting).[1]

_____

[1] In appellant's brief, he argues that various cost are improper, erroneous, unsupported, or excessive. These issues, actually sub-issues, should all be overruled to the extent they argue error in the trial court's judgment. The trial court's judgment expressly assesses "$0.00" in Court Cost. Appellant's actual attack, as briefed, is on the "cost," including a fine, included in the bill of cost. Beyond the fact that a "fine" should never be included as part of "cost" in a bill of cost, amounts in the bill of cost cannot be collected pursuant to the trial court's judgment because they are not assessed against the defendant in the judgment. We do not have the authority in this proceeding to increase the cost assessed in the judgment. *See Gilmore v. State*, No. 12-15-00049-CR, 2015 Tex. App. LEXIS 6964, at *3 (Tex. App.—Tyler July 8, 2015, no pet.) (not designated for publication) ("the State does not provide, nor are we aware of, any authority that authorizes an appellate court to increase the amount of court costs assessed."); *Cuevas v. State*, No. 05-12-01648-CR, 214 Tex. App. LEXIS 4844, at *13 (Tex. App.—Dallas May 5, 2014, no pet.) (not designated for publication) (court could not modify judgment or order the trial court to impose additional costs because record did not

TOM GRAY
Chief Justice

Dissent to Abatement Order issued and filed October 19, 2022



---

indicate whether defendant had paid his court costs); *see also* TEX. CODE CRIM. PROC. art. 103.007 ("After a defendant has paid costs, no more costs may be charged against the defendant unless the court rules on a motion presented to the court that additional costs are due.").  *But see Smith v. State*, 439 S.W.3d 451, 463 (Tex. App.—Houston [1st Dist.] 1014, no pet), *abrogated on other grounds by*, *Meadows v. State*, 455 S.W.3d 166, 171 n.2 (Tex. Crim. App. 2015).  We can easily deal with the issues as brief and argued to this Court. Accordingly, there is nothing that prevents the Court from disposing of appellant's issues as briefed.  There being no error shown to exist in the trial court's judgment, appellant's third issue should be overruled. There is simply no need to consume the time and resources to abate this appeal.