

# IN THE
## TENTH COURT OF APPEALS

### No. 10-21-00104-CR

**CARL CLIFTON CARNLEY,**

                                        **Appellant**

 **v.**

**THE STATE OF TEXAS,**

                                        **Appellee**

### From the 369th District Court
### Leon County, Texas
### Trial Court No. 19-0011CR

## DISSENT TO ABATEMENT ORDER

For the reasons expressed in my dissent in *Welch*, I respectfully dissent to the Court's abatement order in this proceeding. *See Welch v. State*, ___ S.W.3d ___, No. 10-21-00284-CR, 2022 Tex. App. LEXIS 7647 (Tex. App.—Waco Oct. 12, 2022, ord.) (Gray, C.J., dissenting).[1]

---

[1] In this proceeding, appellant's counsel filed an *Allison* brief. *See Cummins v. State*, 646 S.W.3d 605, 2022 Tex. App. LEXIS 3232, *18 (Tex. App.—Waco 2022, pet. ref'd) (discussing *Allison* briefs). Although counsel asserts no reversible error, counsel argues nonreversible error is present, specifically, that improper, erroneous, unsupported, or excessive court cost are assessed. These issues, actually sub-issues, should all be overruled to the extent they argue error in the trial court's judgment. The judgment assesses $124.00 in court cost. Appellant does not attack that amount as improper, erroneous, unsupported, or excessive. Appellant's actual attack, as briefed, is on the cost, including a fine and attorney's fees, included in the bill of cost. To the extent the bill of cost includes amounts for more than $124.00, such amounts cannot be collected pursuant to the trial court's judgment because they are not assessed against the appellant in the judgment. We do not have the authority in this proceeding to increase the amount of the cost assessed in

TOM GRAY
Chief Justice

Dissent to Abatement Order issued and filed October 19, 2022



the judgment. *See Gilmore v. State*, No. 12-15-00049-CR, 2015 Tex. App. LEXIS 6964, at *3 (Tex. App.—Tyler July 8, 2015, no pet.) (not designated for publication) ("the State does not provide, nor are we aware of, any authority that authorizes an appellate court to increase the amount of court costs assessed."); *Cuevas v. State*, No. 05-12-01648-CR, 214 Tex. App. LEXIS 4844, at *13 (Tex. App.—Dallas May 5, 2014, no pet.) (not designated for publication) (court could not modify judgment or order the trial court to impose additional costs because record did not indicate whether defendant had paid his court costs); *see also* Tex. Code Crim. Proc. art. 103.007 ("After a defendant has paid costs, no more costs may be charged against the defendant unless the court rules on a motion presented to the court that additional costs are due."). *But see Smith v. State*, 439 S.W.3d 451, 463 (Tex. App.—Houston [1st Dist.] 1014, no pet), *abrogated on other grounds by*, *Meadows v. State*, 455 S.W.3d 166, 171 n.2 (Tex. Crim. App. 2015). Appellant concedes that more than $124.00 could have properly been assessed as court cost. I agree. Accordingly, there is no need to abate this proceeding as there is nothing that prevents the Court from disposing of appellant's issues as briefed. There being no error shown to exist in the trial court's judgment, it should be affirmed, and counsel's motion to withdraw should be granted. There is simply no need to consume the time and resources to abate this appeal.

Carnley v. State                                                                                                    Page 2