

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NOS. PD-0054-15, PD-0055-15, PD-0056-15

### JAVIER NOEL CAMPOS, Appellant

### v.

### THE STATE OF TEXAS

## ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW
## FROM THE FIRST COURT OF APPEALS
## HARRIS COUNTY

*Per curiam.* Newell, J., not participating.

## O P I N I O N

A jury convicted appellant of three counts of aggravated sexual assault, and sentenced him to sixty-eight years imprisonment on each count. At trial, the State was allowed to impeach appellant, over objection, with a conviction that was more than ten years old.

The court of appeals upheld the trial court's actions by applying the common law tacking doctrine to the remote conviction, and assessing its admissibility under Texas Rule of Evidence 609(a)'s "outweigh" standard rather than Rule of Evidence 609(b)'s

"substantially outweigh" standard. *Campos v. State*, Nos. 01-13-00415-CR, 01-13-00416-CR, 01-13-00417-CR slip op. at 47-51 (Tex. App.–Houston [1st Dist.] Jan. 13, 2015). Applying Rule 609(a), the court of appeals upheld the admission of the prior remote conviction. *Id.* at 51.

Appellant has filed a petition for discretionary review of this decision. We recently addressed this issue in *Meadows v. State*, 455 S.W.3d 166, 169 (Tex. Crim. App. 2015), in which we held that the unambiguous plain language of Rule of Evidence 609 supplants the common-law tacking doctrine. Under Rule 609(b), evidence of a prior conviction is inadmissible to impeach a witness "if more than ten years has elapsed since the later of the date of conviction or release of the witness from confinement imposed for that conviction 'unless the court determines, in the interests of justice, that the probative value of the conviction supported by specific facts and circumstances substantially outweighs its prejudicial effect.'" *Id.* at 170-71.

The Court of Appeals in the instant case did not have the benefit of our opinion in *Meadows.* Accordingly, we grant ground (9) of appellant's petition for discretionary review, vacate the judgment of the Court of Appeals, and remand this case to the Court of Appeals in light of our opinion in *Meadows.*[1]

Delivered July 29, 2015
Publish

---

[1] Grounds (1) - (8) and grounds (10) - (13) of appellant's petition for discretionary review are refused with prejudice.