COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON



ORDER TO REINSTATE

Appellate case name:  *Javier Noel Campos v. The State of Texas*

Appellate case numbers:  01-13-00415-CR; 01-13-00416-CR; 01-13-00417-CR

Trial court case numbers: 1328806; 1328807; 1308988

Trial court:  184th District Court of Harris County

The district clerk has filed with the Clerk of this Court a supplemental clerk's record that that complies with our October 15, 2015 Order of Abatement by containing an order appointing appellate counsel for appellant. Therefore, we order the appeal **reinstated**.

On January 13, 2015, this Court issued its opinion affirming the judgment of the trial court. *See Campos v. State*, 458 S.W.3d 120 (Tex. App.—Houston [1st Dist.] 2015, pet. granted). On July 29, 2015, the Court of Criminal Appeals vacated our judgment and remanded the case to this Court for reconsideration in light of *Meadows v. State*, 455 S.W.3d 166 (Tex. Crim. App. 2015), which abolished the common-law "tacking" doctrine and requires the admissibility of remote prior convictions to be determined under Texas Rule of Evidence 609(b). The Court of Criminal Appeals instructed us to consider the admissibility of the challenged remote prior conviction "in light of [its] opinion in *Meadows*." *Campos v. State*, 466 S.W.3d 181, 182 (Tex. Crim. App. 2015) (per curiam).

If appellant wishes to file a supplemental brief on this issue on remand, it is due thirty days from the date of this order. If the State wishes to file a supplemental brief in response, it is due thirty days from the date appellant files his brief. As the Court of Criminal Appeals explicitly refused with prejudice grounds 1–8 and grounds 10–13 of appellant's petition for discretionary review, we will not entertain further briefing on those issues on remand. *Id.* at 182 n.1.

The case will be set for submission at a future date, and the parties will be notified of the submission date.

It is so ORDERED.

Judge's signature: /s/ Evelyn V. Keyes

☒ Acting individually ☐ Acting for the Court

Date: November 5, 2015