Opinion issued June 9, 2016



In The

# Court of Appeals

For The

# First District of Texas

———————————

NO. 01-13-00415-CR

NO. 01-13-00416-CR

NO. 01-13-00417-CR

———————————

**JAVIER NOEL CAMPOS, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 184th District Court**
**Harris County, Texas**
**Trial Court Case Nos. 1328806, 1328807, 1308988**

---

### MEMORANDUM OPINION ON REMAND

A jury convicted appellant, Javier Noel Campos, of three counts of the first-

degree felony offense of aggravated sexual assault of a child and assessed

punishment at sixty-eight years' confinement for each count.[1] The trial court ordered that the sentences for cause numbers 1308988 and 1328806 run concurrently and that the sentence for cause number 1328807 be served consecutively.[2] Appellant raised thirteen issues on original submission, and we affirmed his convictions.

Appellant subsequently filed a petition for discretionary review, challenging our resolution of each of his thirteen issues, including our determination that, based on the common-law "tacking" doctrine, his 1992 conviction for aggravated assault was admissible. After we issued our opinion, the Court of Criminal Appeals issued an opinion in *Meadows v. State*, 455 S.W.3d 166 (Tex. Crim. App. 2015), concerning the standard to be applied when determining the admissibility of remote prior convictions and abolishing the "tacking" doctrine. The Court of Criminal Appeals then granted appellant's petition for discretionary review solely on this basis, vacated our January 13, 2015 opinion, and remanded the case to this Court to consider the admissibility of appellant's 1992 conviction in light of *Meadows. See Campos v. State*, 466 S.W.3d 181, 182 (Tex. Crim. App. 2015) (per curiam).

We affirm.

---

[1]    *See* TEX. PENAL CODE ANN. § 22.021(a)(1)(B)(i)–(iii) (Vernon Supp. 2015).

[2]    Trial court cause number 1328806 resulted in appellate cause number 01-13-00415-CR. Trial court cause number 1328807 resulted in appellate cause number 01-13-00416-CR. Trial court cause number 1308988 resulted in appellate cause number 01-13-00417-CR.

2

## Background

The State indicted appellant for three counts of aggravated sexual assault of a child, C.G.J., who lived in the same apartment complex as appellant during the summer of 2005. C.G.J. testified that he was ten years old when he met appellant while playing outside of his apartment. Appellant would buy him clothing and toys and would take him and several other children from around the apartment complex on fishing trips. Appellant started spending time alone with C.G.J., which escalated into showing him pornographic magazines and videos and, ultimately, to sexual abuse.

Stephanie Jones, who conducted C.G.J.'s forensic interview at the Children's Assessment Center, testified that C.G.J. disclosed several instances of sexual abuse during this interview. C.G.J.'s aunt, M.N., testified that she saw text messages from appellant on C.G.J.'s cell phone that read, "Why haven't you called me? I miss you. I can't live without you. Why are you doing this to me?" M.N. confronted appellant, who did not deny sending the text messages, and, when she asked C.G.J. to see his phone again, he had deleted the messages at appellant's direction. C.G.J.'s mother, A.G., testified to an incident that occurred after she had sent C.G.J. to live with M.N. in which a very emotional appellant approached A.G. at work, apologized to her, and told her that he loved C.G.J. and wanted to see him. C.G.J. testified that, two years after the abuse occurred, he received a letter from appellant in which appellant

3

stated that he loved and missed C.G.J. and his "hugs and kisses" and requested a photograph of C.G.J.

Appellant called several witnesses on his behalf, including two young men who were approximately C.G.J.'s age, who had lived at the apartment complex at the same time, and who testified that appellant would also take them on fishing trips and buy them clothing and toys. These witnesses testified that they had an appropriate relationship with appellant, that they had seen appellant interact with C.G.J., and that appellant's relationship with C.G.J. appeared appropriate.

Before appellant testified on his own behalf, the trial court held a hearing on appellant's motion to testify free from impeachment based on his prior convictions. The State sought to admit evidence of four prior convictions: a 2009 felony conviction for possession of a controlled substance, a 2006 misdemeanor conviction for assault on a family member, a 2004 misdemeanor conviction for harboring a runaway child, and a 1992 felony conviction for aggravated assault. Appellant argued that the 1992 conviction was inadmissible because it was more than ten years old, and, due to the age of the conviction, evidence of that conviction would be substantially more prejudicial than probative. The trial court ruled that appellant's 2006 conviction, which was within ten years of the trial date of the charged offenses, "tacked onto" the 1992 conviction and made it not remote and, thus, admissible. The

4

trial court overruled appellant's objections to the admission of his prior convictions, and the State was allowed to question appellant about all four convictions.

The jury subsequently found appellant guilty of all three charged counts of aggravated sexual assault of a child and assessed punishment at sixty-eight years' confinement for each count. The trial court granted the State's motion to cumulate and ordered appellant's convictions in cause numbers 1308988 and 1328806 to run concurrently, and his conviction in cause number 1328807 to be cumulated and be served consecutively. Appellant then appealed to this Court and raised thirteen issues, four of which concerned the admissibility of his prior convictions. This Court held that appellant's 2006 conviction for assault on a family member was a crime of moral turpitude and was admissible and that any error in admitting appellant's 2004 conviction for harboring a runaway child was harmless. *See Campos v. State*, 458 S.W.3d 120, 150–51 (Tex. App.—Houston [1st Dist.]) ("*Campos I*"), *vacated*, 466 S.W.3d 181 (Tex. Crim. App. 2015) ("*Campos II*"). With regard to appellant's 1992 conviction, we held that because appellant had intervening convictions, the common-law "tacking doctrine" applied such that we treated this conviction as not remote and analyzed its admissibility under Texas Rule of Evidence 609(a), as opposed to Rule 609(b), which is used for prior convictions that are more than ten years old. *See Campos I*, 458 S.W.3d at 147. We concluded that the probative value of appellant's 1992 conviction outweighed its prejudicial effect and held that the

trial court did not err in admitting evidence of this conviction. *Id.* at 148–49. We ultimately affirmed the trial court's judgment of conviction. *Id.* at 154.

Appellant filed a petition for discretionary review and raised the same thirteen issues he had raised on original submission before this Court. While his petition for discretionary review was pending before the Court of Criminal Appeals, that court issued its opinion in *Meadows*. *See* 455 S.W.3d 166 (Tex. Crim. App. 2015). In that case, the Court of Criminal Appeals held that the adoption of Rule 609 "supplanted the common-law tacking doctrine" and that convictions that are more than ten years old should be analyzed under Rule 609(b), which provides that remote prior convictions are inadmissible unless the court determines, in the interests of justice, that the probative value of the conviction supported by specific facts and circumstances substantially outweighs its prejudicial effect. *See id.* at 170–71. The Court of Criminal Appeals thus abolished the common-law tacking doctrine.

On July 29, 2015, the Court of Criminal Appeals granted appellant's petition for discretionary review solely on ground nine, which raised the admissibility of his 1992 conviction.[3] In a per curiam opinion, the court noted that we did not have the

---

[3]     The Court of Criminal Appeals specifically stated that the other twelve grounds raised in appellant's petition for discretionary review were "refused with prejudice." *Campos v. State*, 466 S.W.3d 181, 182 n.1 (Tex. Crim. App. 2015). On remand, we therefore consider only the admissibility of appellant's 1992 conviction, and we do not revisit any of the other issues that appellant raised on original submission and in his petition for discretionary review.

benefit of *Meadows* when we issued our opinion in this case. *Campos II*, 466 S.W.3d at 182. The Court of Criminal Appeals therefore granted review of ground nine, vacated our judgment, and "remand[ed] this case to the Court of Appeals in light of [its] opinion in *Meadows*." *Id.*

## Admissibility of Remote Prior Convictions

In his sole issue on remand, appellant contends that the trial court erred in admitting evidence of his 1992 conviction for aggravated assault, which occurred more than twenty years before his trial in the charged offenses, because the probative value of that conviction does not substantially outweigh its prejudicial effect.

### A. *Standard of Review*

The trial court has "wide discretion" to decide whether to admit evidence of a defendant's prior convictions. *Theus v. State*, 845 S.W.2d 874, 881 (Tex. Crim. App. 1992). We therefore reverse this decision on appeal only upon a showing of a clear abuse of discretion. *Id.*; *Davis v. State*, 259 S.W.3d 778, 780 (Tex. App.—Houston [1st Dist.] 2007, pet. ref'd). A trial court abuses its wide discretion when its decision to admit a prior conviction lies outside the zone of reasonable disagreement. *Davis*, 259 S.W.3d at 780 (quoting *Theus*, 845 S.W.2d at 881). We uphold a trial court's ruling if it is reasonably supported by the record and correct on any theory of law applicable to the case. *State v. Dixon*, 206 S.W.3d 587, 590 (Tex.

Crim. App. 2006); *see De La Paz v. State*, 279 S.W.3d 336, 344 (Tex. Crim. App. 2009).

### B. *Admissibility of Remote Prior Convictions*

Rule 609(a) provides that a party may attack a witness's credibility by admitting evidence that the witness has previously been convicted of a felony or a crime of moral turpitude if the trial court determines that the probative value of admitting the evidence outweighs its prejudicial effect. *See* TEX. R. EVID. 609(a); *Meadows*, 455 S.W.3d at 170 (noting that, under Rule 609(a), standard is whether probative value of prior conviction "simply outweighs" its prejudicial effect). Rule 609(b) limits the reach of Rule 609(a)

> by providing that evidence of a prior conviction is inadmissible if more than ten years has elapsed since the later of the date of conviction or release of the witness from the confinement imposed for that conviction "unless the court determines, in the interests of justice, that the probative value of the conviction supported by specific facts and circumstances substantially outweighs its prejudicial effect."

*Meadows*, 455 S.W.3d at 170 (quoting TEX. R. EVID. 609(b)). When deciding whether, in the interests of justice, the probative value of a remote prior conviction substantially outweighs its prejudicial effect, "a court may consider all relevant specific facts and circumstances, including whether intervening convictions dilute the prejudice of that remote conviction." *Id.*

The Court of Criminal Appeals has set out a non-exclusive list of factors to consider when weighing the probative value of a prior conviction against its

prejudicial effect: (1) the impeachment value of the prior crime; (2) the temporal proximity of the past crime relative to the charged offense and the witness's subsequent criminal history; (3) the similarity of the prior conviction to the charged offense; (4) the importance of the witness's testimony; and (5) the importance of the witness's credibility. *Theus*, 845 S.W.2d at 880; *see Leyba v. State*, 416 S.W.3d 563, 571 (Tex. App.—Houston [14th Dist.] 2013, pet. ref'd) (applying *Theus* factors in determining whether remote prior conviction was admissible under Rule 609(b)).

Assuming, without deciding, that the probative value of the 1992 conviction did not "substantially outweigh" its prejudicial effect and, therefore, the trial court erred in admitting evidence of this conviction, we conclude that this error was harmless. Error in the admission of evidence is non-constitutional error subject to a harm analysis under Texas Rule of Appellate Procedure 44.2(b). TEX. R. APP. P. 44.2(b); *Jabari v. State*, 273 S.W.3d 745, 754 (Tex. App.—Houston [1st Dist.] 2008, no pet.). We disregard any non-constitutional error that does not affect a defendant's substantial rights by having a "substantial and injurious effect or influence in determining the jury's verdict." *Jabari*, 273 S.W.3d at 754 (citing *Morales v. State*, 32 S.W.3d 862, 867 (Tex. Crim. App. 2000)); *see* TEX. R. APP. P. 44.2(b). We should not reverse a conviction for non-constitutional error if, after examining the record as a whole, we have "fair assurance that the error did not influence the jury, or had but a slight effect." *Jabari*, 273 S.W.3d at 754 (citing *Johnson v. State*, 967

9

S.W.2d 410, 417 (Tex. Crim. App. 1998)); *Hankins v. State*, 180 S.W.3d 177, 182 (Tex. App.—Austin 2005, pet. ref'd) ("[W]e consider the entire record, including testimony, physical evidence, the nature of the evidence supporting the verdict, the character of the alleged error, the State's theory, the defensive theory, and closing arguments.").

As we noted on original submission, C.G.J. testified that appellant sexually assaulted him on several occasions, and Stephanie Jones, who conducted C.G.J.'s forensic interview at the Children's Assessment Center, testified that C.G.J. disclosed several acts of sexual abuse during this interview. *Campos I*, 458 S.W.3d at 150. C.G.J.'s aunt, M.N., testified that she saw text messages from appellant on C.G.J.'s phone stating, "Why haven't you called me? I miss you. I can't live without you. Why are you doing this to me?" *Id.* at 129. M.N. confronted appellant, who did not deny sending the text messages, and later that day, when she asked to see C.G.J.'s phone, C.G.J. had deleted the messages at appellant's direction. *See id.* at 129, 145 (holding that appellant's text messages to C.G.J. were admissible). C.G.J.'s mother, A.G., testified that after she sent C.G.J. to live with M.N., appellant approached her at work, apologized to her, and told her that "he loved [her] son and that he just wanted to see him." *Id.* at 129. Appellant was very emotional and was crying during this encounter. *Id.* C.G.J. also testified that, approximately two years after the abuse occurred, he received a letter from appellant that "included such

10

statements as 'Love you, [C.G.J.],' 'Thinking of you' with a heart, and 'If you care, mijo, find me a picture of you and send it with your next letter. Okay? I really miss seeing you. I miss your hugs and kisses.'" *Id.* at 132.

Appellant testified on his own behalf and denied sexually assaulting C.G.J. *Id.* at 133, 150. Appellant also called as witnesses three young men who had lived at the same apartment complex as appellant and C.G.J. and who testified that appellant did not have an inappropriate relationship with them and that appellant's relationship with C.G.J. appeared to be appropriate. *Id.* at 132.

On cross-examination, appellant admitted that he had been convicted of aggravated assault in 1992.[4] After this testimony, defense counsel immediately requested that the trial court give a limiting instruction, which the court did, stating, "Members of the jury, the information that you just heard about the defendant's convictions may only be considered in determining his credibility as a witness and for no other purpose." The trial court also included the following instruction in the jury charge:

---

[4] Appellant also admitted to being convicted of felony possession of a controlled substance in 2009, misdemeanor assault on a family member in 2006, and misdemeanor harboring a runaway in 2004. On original submission, we held that the trial court properly admitted the 2009 and 2006 convictions, and, although we assumed, without deciding, that the trial court erred in admitting the 2004 conviction, we held that the trial court's decision to admit this conviction did not constitute reversible error. *See Campos v. State*, 458 S.W.3d 120, 149–51, 151 n.11 (Tex. App.—Houston [1st Dist.]), *vacated*, 466 S.W.3d 181 (Tex. Crim. App. 2015).

11

> You are instructed that certain evidence was admitted before you in regard to the defendant's having been charged and convicted of an offense or offenses other than the one for which he is now on trial. Such evidence cannot be considered by you against the defendant as any evidence of guilt in this case. Said evidence was admitted before you for the purpose of aiding you, if it does aid you, in passing upon the weight you will give his testimony, and you will not consider the same for any other purpose.

Other than briefly asking appellant if he had been convicted of aggravated assault in 1992, the State did not ask appellant about this prior conviction again, and the State did not refer to this conviction during closing arguments. The parties' closing arguments instead focused on C.G.J.'s credibility and the credibility of the young men who had lived at the same apartment complex. *See Leyba*, 416 S.W.3d at 570 (noting, in affirming conviction based on harm analysis of erroneously-admitted prior conviction, that "[n]o other evidence [was] introduced regarding [the challenged] conviction, and the prosecutor did not emphasize the conviction during closing argument").

After considering the record, including the evidence presented in support of appellant's commission of the charged offenses, the lack of emphasis on the 1992 conviction, the trial court's immediate use of a limiting instruction after evidence of the conviction was admitted, and closing arguments, which did not reference the conviction at all, we conclude that the admission of the 1992 conviction had, at most, a slight effect on the jury and its determination of guilt. *See Leyba*, 416 S.W.3d at 572; *Jabari*, 273 S.W.3d at 754. We hold that the admission of the 1992 conviction

did not have a substantial and injurious effect on the jury's verdict and did not affect appellant's substantial rights, and, therefore, any error in admitting this conviction was harmless.  *See* TEX. R. APP. P. 44.2(b); *Leyba*, 416 S.W.3d at 572; *Jabari*, 273 S.W.3d at 754.

We overrule appellant's sole issue on remand.

## Conclusion

We affirm the judgment of the trial court.


Evelyn V. Keyes
Justice

Panel consists of Justices Keyes, Higley, and Brown.

Do not publish.  TEX. R. APP. P. 47.2(b).