

IN THE
TENTH COURT OF APPEALS

No. 10-16-00011-CR

STANDLEY DELANO DAVIS,

Appellant

 v.

THE STATE OF TEXAS,

Appellee

From the 12th District Court
Walker County, Texas
Trial Court No. 27032

## MEMORANDUM OPINION

Standley Davis appeals from a conviction for the offense of aggravated assault with a deadly weapon, for which he was sentenced to forty years in prison. TEX. PEN. CODE ANN. § 22.02 (West 2011). Davis complains that the trial court abused its discretion by admitting evidence regarding two prior convictions pursuant to Rule of Evidence 609 and regarding statements made by the defendant to the victim prior to the offense pursuant to Rule of Evidence 404(b). Because we find no reversible error, we affirm the judgment of the trial court.

## THE OFFENSE

The victim and a residence owner were outside in the owner's yard at approximately 2:00 a.m. one night when Davis approached them. The victim and Davis began having an argument. The victim testified that Davis tried to pull her purse off of her shoulder and she began kicking and fighting back. Davis grabbed a bottle and hit the victim over the head with it. The victim testified that she attempted to use her cell phone which had fallen on the ground to call 9-1-1 but Davis grabbed it and threw it over a fence into a cemetery. The victim also stated that Davis stole approximately $65 from her purse. The victim ran to get help and Davis was gone when she returned. The victim and the owner identified Davis as the individual who assaulted the victim with the bottle.

## ADMISSION OF EVIDENCE

Davis's two issues complain that the trial court abused its discretion in the admission of evidence during the trial. We review the trial court's decision to admit or exclude evidence under an abuse of discretion standard. *Martinez v. State*, 327 S.W.3d 727, 736 (Tex. Crim. App. 2010). The trial court does not abuse its discretion unless its decision to admit or exclude the evidence lies outside the zone of reasonable disagreement. *See Martinez*, 327 S.W.3d at 736; *De La Paz v. State*, 279 S.W.3d 336, 343-44 (Tex. Crim. App. 2009). If the trial court's ruling on admissibility is correct under any applicable legal theory, we will hold that the trial court did not abuse its discretion even if it gave a wrong or incomplete reason for the ruling. *See De La Paz*, 279 S.W.3d at 344.

**RULE 609**

In his first issue, Davis complains that the trial court abused its discretion by admitting evidence pursuant to Rule 609 of the Rules of Evidence of two prior convictions for assault with bodily injury—family violence. Davis argues that the convictions were not admissible because there was no evidence that they were crimes of moral turpitude because no evidence was presented as to the identity of the victim. Rule of Evidence 609 provides that evidence of a witness's prior conviction shall be admitted as impeachment evidence if the crime was a felony or a misdemeanor involving moral turpitude, and the court determines that the probative value of admitting the prior conviction outweighs its prejudicial effect. TEX. R. EVID. 609(a). We have found no Texas appellate court that has held that assault with bodily injury based on family violence is automatically admissible as a crime of moral turpitude. Some intermediate appellate courts have held that if the victim is female or a child, the offense constitutes a crime of moral turpitude; however, there was no evidence in this record to establish the gender of the victim. *See Hardeman v. State*, 868 S.W.2d 404, 407 (Tex. App.—Austin 1993, pet. dism'd) (discussing progression of case law regarding female victims and holding that conviction for misdemeanor assault "by a man against a woman is a crime involving moral turpitude and therefore is admissible as impeaching evidence under [R]ule 609"); *see also Campos v. State*, 458 S.W.3d 120, 149 (Tex. App.—Houston [1st Dist.] 2015) (determining that conviction for misdemeanor assault on minor family member constitutes crime of moral

turpitude and may be used for impeachment purposes if other requirements are met), *vacated on other grounds*, 466 S.W.3d 181, 182 (Tex. Crim. App. 2015). Without knowing the gender or identity of the victim in the prior offenses, we will assume without deciding that the offenses did not constitute crimes of moral turpitude.

We must determine whether the admission of this evidence constitutes harmful error. Because admission of evidence is subject to non-constitutional error analysis, we evaluate whether Davis's substantial rights were affected. TEX. R. APP. P. 44.2(b). "A substantial right is affected when the error had a substantial and injurious effect or influence in determining the jury's verdict." Schmutz v. State, 440 S.W.3d 29, 39 (Tex. Crim. App. 2014). A criminal conviction should not be overturned for non-constitutional error if, after examining the record as a whole, this Court has fair assurance that the error did not influence the jury, or had but a slight effect. *Johnson v. State*, 967 S.W.2d 410, 417 (Tex. Crim. App. 1998). In this analysis, we consider "everything in the record, including any testimony or physical evidence admitted for the jury's consideration, the nature of the evidence supporting the verdict, the character of the alleged error and how it might be considered in connection with other evidence in the case." *Morales v. State*, 32 S.W.3d 862, 867 (Tex. Crim. App. 2000). We also consider the jury instruction given by the trial court, the State's theory, any defensive theories, closing arguments, and even voir dire, if material to Davis's claim. *Id*.

Considering the record as a whole, we hold that the trial court's error did not have a substantial and injurious effect or influence on the jury's verdict. Davis was only briefly questioned about his convictions, and Davis testified that he thought that the victim in those offenses was his cousin. No other evidence was introduced regarding these convictions, and the prosecutor did not emphasize the convictions during closing argument.

The evidence against Davis consisted of the testimony of the victim, the owner of the residence where the offense took place, and Davis. Davis was indicted for aggravated robbery, but was convicted of the offense of aggravated assault. The victim and the residence owner testified that it was Davis who hit the victim in the head with a bottle. Davis's defensive theory was that he was not even present in this state when the offense occurred. The victim and Davis were not related in any way. It is not apparent from the record that the jury placed any measurable significance on Davis's convictions for assault with bodily injury on a family member. We conclude that the trial court's error was harmless.

In one sentence in his brief, Davis contends that the convictions should have been excluded because there was no finding of probative value versus prejudice pursuant to the second part of Rule of Evidence 609. However, Davis did not object on this basis to the trial court, and therefore error was not preserved for our review. TEX. R. APP. P. 33.1(a). We overrule issue one.

**RULE 404(B)**

In his second issue, Davis complains that the trial court abused its discretion by admitting testimony by the victim alleging that Davis had made threats to rob the victim in the days prior to the assault. The State argued that the evidence was relevant to the intent to commit the offense of robbery against the victim. The victim testified that Davis had threatened to "get her" or to "rob her" in the weeks prior to the offense. The victim and Davis had encountered each other while walking to a soup kitchen for meals. Davis argues that the evidence was not admissible at the time it was offered because it was during the testimony of the first witness who was the victim, and intent was not in controversy at that time. The trial court gave the jury a limiting instruction at the time the evidence was presented to the jury that they were only to consider the evidence for purposes of identity.

Under the Texas Rules of Evidence, evidence of other crimes, wrongs, or acts is not admissible "to prove the character of a person in order to show action in conformity therewith." TEX. R. EVID. 404(b). But it may "be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." *Id*. The exceptions listed under Rule 404(b) are neither mutually exclusive nor collectively exhaustive. *De La Paz v. State*, 279 S.W.3d 336, 343 (Tex. Crim. App. 2009). "Rule 404(b) is a rule of inclusion rather than exclusion" and excludes only

that evidence that is offered solely for the purpose of proving conduct in conformity with bad character. *Id.*

Even if we assume without deciding that the trial court abused its discretion by admitting this evidence, we find that the error is harmless. In determining whether this error harmed Davis or not, we must disregard this error unless it affected Davis's "substantial rights." *See* TEX. R. APP. P. 44.2(b); *Hernandez v. State*, 176 S.W.3d 821, 824 (Tex. Crim. App. 2005) (applying Rule 44.2(b) harm standard when evaluating trial court's error in admitting Rule 404(b) evidence).

Even if we disregard the testimony concerning Davis's alleged threats to "get" or "rob" the victim, we conclude that the record contains overwhelming evidence of Davis's guilt, including the testimony of the victim as well as the residence owner who identified Davis as the individual who hit the victim with the bottle. Additionally, Davis's defense was that he was not even in Texas at the time of the offense, which the jury clearly did not believe. The fact that Davis was not found guilty of aggravated robbery also demonstrates that the jury was not unduly influenced by the testimony. Therefore, "we have fair assurance that the error did not influence the jury, or had but slight effect." *Id.* at 553; *see Neal v. State*, 256 S.W.3d 264, 285 (Tex. Crim. App. 2008) (concluding that trial court's error "was harmless in light of the overwhelming evidence of guilt shown by other evidence"). Moreover, we note that the trial court properly instructed the jury that it must not consider testimony concerning Davis's extraneous acts unless it believed beyond a

reasonable doubt that Davis committed those acts and that, even then, it must not consider the testimony as evidence that Davis acted in conformity with a bad character. We assume that the jury followed these instructions. *See Miles v. State*, 204 S.W.3d 822, 827-28 (Tex. Crim. App. 2006) ("[I]n the absence of evidence to the contrary, we will assume that the jury followed its written instructions."). Because we conclude that the admission of extraneous-act testimony did not affect Davis's substantial rights, we conclude that any error the trial court committed in admitting the evidence is harmless. Accordingly, we overrule Davis's second issue.

## CONCLUSION

Having found no reversible error, we affirm the judgment of the trial court.

TOM GRAY<br>Chief Justice

Before Chief Justice Gray,
        Justice Davis, and
        Justice Scoggins
Affirmed
Opinion delivered and filed December 14, 2016
Do not publish
[CRPM]

