**Affirmed and Memorandum Opinion filed February 7, 2019.**



In The

# Fourteenth Court of Appeals

## NO. 14-18-00065-CR

**STEPHEN ARMSTRONG, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 426th District Court**
**Bell County, Texas**
**Trial Court Cause No. 76915**

## M E M O R A N D U M   O P I N I O N

A jury found appellant Stephen Armstrong guilty of the offense of aggravated assault of a public servant. After appellant pleaded "true" to two enhancement allegations, the jury assessed his punishment at confinement for 15 years. In two issues, appellant contends that the trial court erred in admitting two 1990 felony convictions for impeachment purposes during the guilt/innocence phase in violation of Texas Rule of Evidence 609(b). We affirm.

## I. BACKGROUND

On November 22, 2016, Bell County Constable Thomas Prado was assisting federal authorities by conducting surveillance on a house in Temple where a woman who had outstanding federal warrants was believed to be located. Prado, in full uniform and in a marked patrol vehicle, was parked across the street from the house. Shortly after noon, Prado saw a car pull up to the house, but no one got out. Prado could not see inside the car's windows, so he drove his patrol vehicle toward the car, activated his flashing lights, parked, and walked toward the driver's side window of the car.

As Prado approached, he saw a male passenger in the front seat turn his body away from Prado as if he was hiding something, which made Prado nervous. Prado drew his weapon and instructed the man to stay in the car, but the man got out of the car and ran. Prado holstered his gun and ran after the man on foot. After a short distance, the man turned and ran into a tree line between two houses. As Prado followed, the man turned and pointed a gun at Prado. Prado ducked and stopped chasing the man. The chase was not recorded and no one else witnessed the man pointing a gun at Prado.

Prado called dispatch and reported that he was in a foot chase with a man who was armed with a black pistol. Although several law enforcement officers arrived and searched the area, they did not find the man or a firearm.

The driver of the car, appellant's daughter, stayed at the scene and was questioned by police. She identified the man who ran from the car as appellant. Appellant's daughter said that she told appellant to stay in the car, but appellant said he had a warrant and then he got out and ran from Prado. Appellant's daughter did not see appellant with a gun, but she did say that appellant was wearing a heavy jacket.

Appellant ran into a nearby duplex where he knew the person living in the

2

duplex's unit A. That evening, the residents of unit B, Immanuel Thomas and Katelynn Watkins, discovered that a man wearing a jacket had dropped into their unit from the duplex's common attic. The man identified himself as appellant. Appellant said that he was hiding from the police and that a friend had let him in unit A earlier that day. Appellant asked Thomas and Watkins for a drink of water and a phone to call for a ride. Thomas and Watkins saw a gun in appellant's pants, so they gave him what he asked for because they wanted to keep him calm. Appellant then left the residence.

At trial, appellant testified in his defense. Appellant admitted that he ran from Prado because he had an outstanding warrant and did not want to go to jail so close to Thanksgiving. But appellant denied having a gun or aiming one at Prado. He also denied ever possessing a gun in his life. Appellant stated that he had never "packed" a gun because "[his] mama raised [him] better than that." Appellant claimed that Prado was lying about him for no reason.

Appellant also admitted to hiding in the attic of unit A of the duplex, exiting into unit B, and having the conversation with Thomas and Watkins, but he denied carrying any type of weapon. Appellant acknowledged that he did not know Thomas or Watkins but said that Thomas was lying about him having a gun because "the law told him what to say."

Over objection, appellant admitted that in 1990 he was convicted of two first-degree felony offenses for delivery of cocaine under twenty-eight grams. At defense counsel's request, the trial court instructed the jury that the 1990 convictions were to be used only for the jury's consideration of appellant's credibility and not to determine whether appellant committed the charged offense. Appellant testified that he was sentenced to eighteen years in prison for the 1990 convictions, he was released after two years, and he served the remaining sixteen years on parole.

Appellant also admitted that he was convicted of driving with a suspended

license in 2005, evading arrest in 2013, and possession of a controlled substance in 2015. Appellant stated that he was placed on felony probation for the 2015 offense.

## II. ANALYSIS

In two issues briefed together, appellant contends that his two 1990 felony convictions were inadmissible for impeachment purposes under either 609(a) or 609(b) of the Texas Rules of Evidence. Appellant argues that not only were the convictions more than ten years old, the State adduced no facts and circumstances to show that the probative value of this evidence substantially outweighed its prejudicial effect. Appellant also argues that the trial court's error in admitting the 1990 convictions was harmful.

### A.     Standard of Review and Applicable Law

We review a decision to admit impeachment evidence of prior convictions under Rule 609 for an abuse of discretion. *Theus v. State*, 845 S.W.2d 874, 881 (Tex. Crim. App. 1992). A trial court's decision will be deemed an abuse of discretion only if it lies outside the zone of reasonable disagreement. *Id.* (citing *Montgomery v. State*, 810 S.W.2d 372, 391 (Tex. Crim. App. 1991) (op. on reh'g)). The party seeking to introduce the evidence has the burden to satisfy Rule 609's requirements for admissibility. *See id.* at 880; *see also Meadows v. State*, 455 S.W.3d 166, 171 (Tex. Crim. App. 2015) (holding that the unambiguous plain language of Rule 609 has supplanted the common law tacking doctrine).

Rule 609(a) of the Texas Rules of Evidence provides that evidence of a criminal conviction offered to attack a witness's character for truthfulness must be admitted if the crime was a felony or involved moral turpitude and the probative value of the evidence outweighs its prejudicial effect. *See* Tex. R. Evid. 609(a). If more than ten years have passed since the conviction or release from confinement, however, Rule

609(b) provides that evidence of the conviction is admissible only if its probative value, supported by specific facts and circumstances, substantially outweighs its prejudicial effect. *See* Tex. R. Evid. 609(b); *Meadows*, 455 S.W.3d at 170.

In weighing the probative value of a prior conviction against its prejudicial effect, the court considers a nonexclusive list of factors including: (1) the conviction's value for impeaching the witness; (2) the temporal proximity of the conviction relative to the offense being tried and the witness's subsequent history; (3) the conviction's similarity to the offense being prosecuted; (4) the importance of the defendant's testimony to his defense; and (5) the importance of the witness's credibility. *Theus*, 845 S.W.2d at 880. These factors are applied when considering the admissibility of the proffered evidence under either Rule 609(a) or Rule 609(b). *See id.* at 880–82 (applying factors in Rule 609(a) analysis); *Leyba v. State*, 416 S.W.3d 563, 571 (Tex. App.— Houston [14th Dist.] 2013, pet. ref'd) (applying factors in Rule 609(b) analysis).

## B.    Application of Law to Facts

Before trial, appellant filed a "Motion to Allow Testimony Free of Impeachment by Prior Convictions More Than Ten Years Old." After the State rested, defense counsel informed the trial court that appellant wished to testify and asked that the trial court to take up his motion.[1] Appellant argued that the 1990 convictions were not admissible under Rule 609(b) because they were more than ten years old and any probative value was substantially outweighed by their prejudicial effect. Specifically, appellant asserted that the drug convictions were remote in time, not similar to the charged offense, and did not go to appellant's credibility, which was of paramount importance given the circumstances of the case. Appellant also argued that it was the

---

[1] The trial court had previously deferred a ruling on appellant's motion during a hearing on pretrial matters.

State's burden to show when appellant was released from confinement.

In response, the State asserted that based on the judgments in the 1990 convictions, appellant "was not released from confinement, that being parole," until January 2008. Because appellant's parole expired less than ten years from "the date of the [charged] offense," the State took the position that Rule 609(b) did not apply to the 1990 convictions.[2] The trial court ruled that the 1990 convictions would be admissible if appellant testified. As discussed above, appellant testified and was impeached with the 1990 convictions.

On appeal, appellant challenges the State's assertion that Rule 609(b) does not apply to the 1990 convictions because appellant's parole ended less than ten years earlier. Appellant contends that the plain language of the phrase "release from confinement" as used in Rule 609(b) refers to release from "imprisonment or constraint on freedom of movement" as in jail or prison, not parole. *See* Tex. R. Evid. 609(b) (providing that "subdivision (b) applies if more than 10 years have passed since the witness's conviction or release from confinement for [a criminal conviction], whichever is later"). Appellant acknowledges finding no case law on point but argues that if the rule's drafters had intended the date of release to include release from parole, they could have said so.

The State does not respond to this argument. Instead, the State argues that the trial court would not have abused its discretion in admitting the 1990 convictions for impeachment purposes under Rule 609(b) and, even if the convictions were admitted

---

[2] We note that the State incorrectly relied on the date of the charged offense rather than the date of trial when arguing that the convictions were not remote. *See Davis v. State*, 545 S.W.2d 147, 150 (Tex. Crim. App. 1976) (rejecting State's argument that prior conviction was not too remote because ten years had elapsed between the appellant's release from prison and the alleged offense, explaining that "[t]he date of trial is the controlling time for computation" because that is when the appellant's credibility is determined).

in error, any error was harmless. We conclude that we need not reach appellant's argument concerning the interpretation of Rule 609 because even if the trial court erred in admitting the evidence of the 1990 convictions under Rule 609(b), we agree with the State that any error was harmless.

We review the harm caused by the erroneous admission of a prior conviction under Rule 609 as nonconstitutional error, which requires us to disregard any error that does not affect appellant's substantial rights. *See* Tex. R. App. P. 44.2(b); *Leyba*, 416 S.W.3d at 570. An error affects a defendant's substantial rights when the error has a substantial and injurious effect or influence on the jury's verdict. *Leyba*, 416 S.W.3d at 570 (citing *King v. State*, 953 S.W.2d 266, 271 (Tex. Crim. App. 1997)). We consider everything in the record, including any testimony or physical evidence admitted for the jury's consideration, the nature of the evidence supporting the verdict, the character of the alleged error and how it might be considered in connection with other evidence in the case, the trial judge's jury instruction, the State's theory and any defensive theories, and closing arguments. *See id*.

Viewing the entire record, we are reasonably assured that the admission of the 1990 convictions had only a sight effect, at most, on the jury's determination of guilt. The only disputed issue in this case was whether appellant threatened Prado with imminent bodily injury by pointing a firearm at him during the foot chase. Prado testified that as he was chasing appellant, he saw appellant turn and point a gun at him. Prado said that it "scared the crap out of [him]." Prado believed the gun the man pointed at him was a Glock, and he relayed to dispatch that the suspect had a black pistol. Another officer who spoke to Prado shortly after the incident described Prado as "visibly shaken." In contrast, appellant adamantly denied ever carrying a gun, much less pointing one at Prado. Appellant's credibility was undercut, however, by the testimony of Thomas and Watkins, who testified that they saw appellant with a gun

when he appeared in their residence and admitted that he was hiding from the police. Watkins, who was familiar with guns, additionally testified that the gun was black and bore similarities to a Glock, consistent with Prado's description of the gun.

The State only briefly questioned appellant about the 1990 convictions, offered no details about the convictions, and did not mention them again. Any prejudice from the admission of the 1990 convictions was likely neutralized by appellant's admission that he was more recently convicted of several additional offenses, including a 2015 conviction for a similar felony offense. Moreover, the trial judge instructed the jury more than once to consider appellant's prior convictions, if at all, only for the purpose of determining appellant's credibility and the weight to be given his testimony. A similar limiting instruction concerning the prior convictions was included the court's charge to the jury, and we assume the jury followed the trial court's instructions. *See Elizondo v. State*, 487 S.W.3d 185, 208 (Tex. Crim. App. 2016). On this record, we conclude that any error in the trial court's admission of the 1990 convictions was harmless.

### III. CONCLUSION

We overrule appellant's issues and affirm the trial court's judgment.

/s/     Ken Wise
Justice

Panel consists of Justices Wise, Jewell, and Poissant.
Do Not Publish — TEX. R. APP. P. 47.2(b).

8